■ VASILIOS LIVANOS, Appellant, v JEROME A. CAMPO et al., Respondents.—In an action, *inter alia,* for specific performance of a contract for the sale of real property, (1) the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Durante, J.), dated October 5, 1987, as granted the defendants' motion,

*inter alia,* for summary judgment dismissing the complaint, (2) the defendants cross-appeal from so much of the same order as dismissed their counterclaim, and (3) the plaintiff appeals from an order of the same court dated December 14, 1987, which denied his motion for "renewal and reargument."

Ordered that the appeal from the order dated December 14, 1987, is dismissed; and it is further,

Ordered that the order dated October 5, 1987, is modified, by deleting the provisions thereof which granted summary judgment to the defendants, found that the defendants were entitled to retain the plaintiff's deposit as damages, and canceled the notice of pendency filed by the plaintiff, and substituting therefor a provision denying the motion; as so modified, the order dated October 5, 1987, is affirmed, and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The parties entered into a contract on December 3, 1985, for the sale of a six-family dwelling. Handwritten into the contract was a provision that the seller would indemnify the purchaser for any rent overcharges accruing prior to the date of closing.

Pursuant to the contract, the closing was tentatively scheduled for January 31, 1986. After the tentative closing date had passed, the defendant sellers, in a letter dated February 18, 1986, notified the plaintiff that the deed would be tendered on March 12, 1986, at a designated time and location and that no further adjournments would be allowed.

Prior to the scheduled closing date the plaintiff received documentation from the City of New York Department of Rent and Housing Maintenance, Office of Rent Control, concerning the maximum allowable rents that could be charged tenants of the three rent-controlled apartments in the subject premises. Based upon this information, the plaintiff concluded that the rents being charged by the defendants were in excess of the statutory maximum. Nevertheless, the plaintiff appeared at the scheduled closing. However, as the result of a dispute between the parties apparently concerning the overcharges and method by which the plaintiff could be protected therefrom, title did not pass and the instant action ensued.

We conclude upon our review of the record that summary judgment was improvidently granted in favor of the defendants *(see, Burger v Brookhaven Med. Arts Bldg.,* 131 AD2d 622). As a rule, summary judgment should not be granted if there is any question as to the existence of a triable issue of

fact *(see, Ugarriza v Schmieder,* 46 NY2d 471; *Andre v Pomeroy,* 35 NY2d 361). In the case at bar a review of the affidavits and documentary evidence submitted by the parties clearly indicates the existence of factual issues as to whether the parties were ready, willing and able to perform in accordance with the terms of the contract. Thus it cannot be determined as a matter of law that the defendants are entitled to summary judgment in their favor.

The information submitted by the plaintiff in support of his motion for "renewal and reargument" was available to the plaintiff at the time he submitted papers in opposition to the defendant's motion for summary judgment. However, the plaintiff failed to provide, as is required, any explanation as to why the information had not been provided in his earlier papers *(see, Brann v City of New York,* 96 AD2d 923; *Champlain Val. Elec. Supply Co. v Miller,* 89 AD2d 1036; *Foley v Roche,* 68 AD2d 558). Consequently, the plaintiff's motion was in effect for reargument. Since no appeal lies from an order denying reargument, the appeal from the order dated December 14, 1987, must be dismissed.

We have reviewed the parties' remaining contentions and find them to be without merit. Lawrence, J. P., Spatt, Sullivan and Balletta, JJ., concur.