■ CHERYL KOSAN et al., Plaintiffs, v COUNTY OF WESTCHESTER, Appellant, and WESTINGHOUSE ELECTRIC CORP. et al., Respondents. (And a Third-Party Action.)—In an action, *inter alia,* to recover damages for personal injuries, etc., the defendant County of Westchester appeals from an order of the Supreme Court, Orange County (Patsalos, J.), dated January 25, 1989, which granted the motion of the defendants Westinghouse Electric Corp. and Westinghouse Elevator Co. for leave to renew their opposition to its motion for summary judgment on its third and fourth cross claims and, upon renewal, denied its motion for summary judgment on its third and fourth cross claims.

Ordered that the order is affirmed, with costs.

On September 13, 1985, the plaintiff was injured while being rescued from a disabled elevator in the Westchester County courthouse. The elevator was owned and operated by the defendant County of Westchester (hereinafter the county) and was installed and maintained by the defendants Westinghouse Elevator Co. and the Westinghouse Electric Corp. (hereinafter referred to collectively as Westinghouse). As a third cross claim, the county asserted that Westinghouse had entered into a maintenance agreement dated January 22, 1976, to defend and indemnify the county from any claims arising from any act or omission on the part of Westinghouse in

servicing the elevator. This agreement was renewed annually between 1977 and 1985 and was in effect on the day the plaintiff was injured. As a fourth cross claim, the county alleged that pursuant to the agreement, Westinghouse was obligated to defend and indemnify the county for any liability resulting from an act or omission by Westinghouse. The county also demanded judgment against Westinghouse for all costs and expenses, including attorneys' fees, incurred in its defense of the plaintiffs' action.

"Schedule E" of the maintenance agreement provided that "[i]n any case in which such indemnification would violate Section 5-322.1 of the New York General Obligations Law or any other applicable legal prohibition, the foregoing provisions concerning indemnification shall not be construed to indemnify the County for damage arising out of bodily injury to persons or damage to property caused by or resulting from the sole negligence of the County or its employees".

By an order dated December 21, 1987, the Supreme Court, Orange County (Patsalos, J.), granted the county's motion for summary judgment and directed Westinghouse to indemnify the county. The court reasoned that the plaintiff's injuries were not caused by "the sole negligence of the County or its employees" and that the contract in question was therefore applicable at bar. By an order dated January 25, 1989, the Supreme Court granted Westinghouse's motion to renew, vacated its prior determination, and denied the county's motion for summary judgment on its third and fourth cross claims.

The court properly granted Westinghouse's motion to renew because Westinghouse averred, without contradiction, that it did not have the new information tending to establish that the county may have been solely liable for the plaintiff's injuries at the time it submitted papers in opposition to the county's motion for summary judgment (see, Livanos v Campo, 144 AD2d 652, 654; see also, Brown v Two Exch. Plaza Partners, 76 NY2d 172).

Upon renewal, the court properly denied the county summary judgment on its third and fourth cross claims for contractual indemnification. The motion papers established that both county and State workers assisted in extricating the plaintiff from the elevator but did not conclusively establish which of those employees caused the plaintiff's injuries. Because Westinghouse came forward with admissible proof indicating that the county may have caused the plaintiff's injuries, the court properly denied its motion for summary judgment. Accordingly, a trial is necessary to determine which of

the plaintiff's rescuers caused her injuries *(see, Cannavale v County of Westchester,* 158 AD2d 645; *see also, Ferber v Sterndent Corp.,* 51 NY2d 782, 783).

We have considered the parties' remaining contentions and find them to be without merit. Bracken, J. P., Kooper, Rubin and Miller, JJ., concur.