■ BERNARD ZDROJESKI, Plaintiff, v GRAMERCY COURT ASSO-CIATES et al., Defendants and Third-Party Plaintiffs-Respon-dents. KALISH-JARCHO, INC., Third-Party Defendant-Appellant, et al., Third-Party Defendant. (And a Second Third-Party Action.) [600 NYS2d 499] —In an action to recover damages for personal injuries sustained at a construction site, the third-party defendant Kalish-Jarcho, Inc., appeals (1) from an order of the Supreme Court, Nassau County (Collins, J.), dated November 30, 1990, which denied its motion for summary judgment dismissing the third-party complaint of the defen-dants third-party plaintiffs Gramercy Court Associates, Tish-man Realty & Construction and/or Tishman Construction Corporation of New York insofar as it is asserted against it and any other claims against it, and (2) as limited by its brief, from so much of an order of the same court, dated April 18, 1991, as, upon reargument, adhered to the original determina-tion.

Ordered that the appeal from the order dated November 30,

1990, is dismissed, as that order was superseded by the order dated April 18, 1991, made upon reargument; and it is further,

Ordered that the order dated April 18, 1991, is reversed insofar as appealed from, on the law, the order dated November 30, 1990, is vacated, the appellant's motion is granted, the third-party complaint, insofar as it is asserted against it, and all other claims against it are dismissed, and the third-party action against the remaining third-party defendant is severed; and it is further,

Ordered that the appellant is awarded one bill of costs, payable by the defendants third-party plaintiffs-respondents.

On November 20, 1984, the defendant third-party plaintiff Tishman Realty and Construction Corp. and/or Tishman Corporation of New York (hereinafter Tishman) entered into a contract with the appellant Kalish-Jarcho, Inc. (hereinafter Kalish). The contract was for heating, ventilation and air conditioning work to be performed at a construction site at 230 Park Avenue South. As part of the contract, Kalish agreed to indemnify Tishman for all personal injuries occurring at the work site except those due to their sole negligence. Kalish contracted part of its work out to the third-party defendant Triangle Sheet Metal Workers, Inc. (hereinafter Triangle). Bernard Zdrojeski, the plaintiff, was an employee of Triangle.

On May 15, 1985, the plaintiff was standing on a 12-foot ladder installing ductwork in the basement of the building at the site. At some point, members of a group known as "the Black Economic Survival Coalition" (hereinafter the Coalition) arrived at the site seeking jobs. After meeting with Tishman employees, the Coalition members entered the building, turned over equipment, and caused property damage. When they reached the basement, they pushed the plaintiff off his ladder, causing him to fall to the ground and sustain injuries.

The plaintiff brought a personal injury action against the owner of the property and Tishman pursuant to Labor Law §§ 200, 240, and 241. The defendants third-party plaintiffs in turn then brought a third-party action against Kalish and Triangle for contribution and indemnification. The Supreme Court denied Kalish's motion for summary judgment, and adhered to this determination on reargument. We reverse.

The evidence establishes that the injuries experienced by the plaintiff were caused exclusively by the deliberate actions of the members of the Coalition. The plaintiff may thus

rightly obtain recovery for his injuries only from the Coalition itself, or from whatever party might have had a legal duty to protect him from the sort of violence to which the Coalition was apparently prone *(see, e.g., Waters v New York City Hous. Auth.,* 116 AD2d 384, *affd* 69 NY2d 225).

There is no proof in the record that Kalish had notice of any potential for criminal activity at this construction site. Kalish therefore had no duty to protect the plaintiff against possible incursions by the Coalition or any other mob *(see, e.g., D'Amico v Christie,* 71 NY2d 76; *Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507; *Rivera v Goldstein,* 152 AD2d 556).

We also conclude that the language of the "hold harmless" clause under review in this case cannot be construed so as to impose upon Kalish, in the absence of any fault on its part, the obligation to indemnify Tishman for injuries which were caused by what amounts to an intentional assault on the plaintiff by the members of a mob. The parties agreed that Kalish would have no obligation to hold Tishman harmless where the personal injuries for which Tishman might be held liable were "caused by the sole negligence of any of the indemnitees". In the context of the facts of this particular case, there is no basis upon which any party other than Tishman could be held liable to the plaintiff on the basis of a negligence theory. There is, in other words, no question of fact as to whether the negligence of any other party contributed to the plaintiff's injuries *(cf., Cannavale v County of Westchester,* 158 AD2d 645; *Kosan v County of Westchester,* 162 AD2d 592).

The order made on reargument should therefore be reversed insofar as appealed from, and Kalish's motion for summary judgment dismissing the third-party complaint and all cross claims against it should be granted. Bracken, J. P., Rosenblatt, Miller and Pizzuto, JJ., concur.