■ TROYCE HAYNESWORTH, Appellant, v CITY OF NEW YORK et al., Defendants, and GEMMA CONSTRUCTION COMPANY, INC.,

Respondent. [672 NYS2d 922] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Kings County (Hutcherson, J.), entered July 10, 1997, as, upon the granting of the motion of the defendant Gemma Construction Company, Inc., for summary judgment, dismissed the complaint as against that defendant.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The defendant Gemma Construction Company, Inc. (hereinafter Gemma) was the general contractor and construction manager at a building worksite in Brooklyn. The plaintiff was employed at the worksite as a concrete laborer. On October 30, 1991, an altercation arose in the street in front of the building between two neighborhood coalitions regarding employment practices at the site. In the course of this altercation, the plaintiff was shot and injured.

There is no proof in the record that Gemma had notice of any potential for criminal activity at this particular worksite. Gemma therefore owed no duty to the plaintiff to protect him against potential injury resulting from an altercation between rival neighborhood coalitions (*see, Zdrojeski v Gramercy Ct. Assocs.,* 195 AD2d 552). Indeed, the altercation which led to the plaintiff's injuries was "an occurrence which [was] extraordinary in nature and, as such, would not suggest itself to a reasonably careful and prudent person as one which should be guarded against" (*Silver v Sheraton-Smithtown Inn,* 121 AD2d 711). Accordingly, Gemma was entitled to summary judgment dismissing the complaint insofar as asserted against it (*see, e.g., D'Amico v Christie,* 71 NY2d 76; *Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507). Mangano, P. J., Thompson, Santucci and Altman, JJ., concur.