■ TADEUSZ GRODZKI, Respondent, v FOOD FIRST CORPORATION, Defendant, and JOY CONSTRUCTION, INC., Appellant. [766 NYS2d 383] —In an action to recover damages for personal injuries, the defendant Joy Construction, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Hubsher, J.), dated May 22, 2002, as denied that branch of its motion which was to dismiss the causes of action to recover damages based upon Labor Law § 200 and common-law negligence insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion which was to dismiss the causes of action to recover damages based upon Labor Law § 200 and common-law negligence insofar as asserted against the appellant is granted, and those causes of action are dismissed.

The appellant made a prima facie showing of entitlement to summary judgment dismissing the causes of action to recover damages based upon Labor Law § 200 and common-law negligence insofar as asserted against it by submitting evidence that it had adequate security to protect workers in the

form of a solid metal fence surrounding the construction site, and further, that there had been no assaults on workers at the construction site or threats directed towards workers that would put it on notice that security was inadequate. In opposition, the plaintiff failed to raise a triable issue of fact, instead improperly relying exclusively on the ambient neighborhood crime in the surrounding community and on the EBT testimony of the appellant's supervisor that the neighborhood was dangerous (see Miller v State of New York, 62 NY2d 506, 513-514 [1984]; Nallan v Helmsley-Spear, Inc., 50 NY2d 507, 519 [1980]; Novikova v Greenbriar Owners Corp., 258 AD2d 149 [1999]; Zdrojeski v Gramercy Ct. Assoc., 195 AD2d 552 [1993]). Accordingly, the Supreme Court should have granted that branch of the appellant's motion which was for summary judgment dismissing the causes of action to recover damages based upon Labor Law § 200 and common-law negligence insofar as asserted against it.

In light of the foregoing, we need not reach the appellant's remaining contentions. Altman, J.P., Krausman, Goldstein and Luciano, JJ., concur.