■ ABRAHAM J. RODOLITZ, Doing Business as RODOLITZ REALTY Co., Respondent, v. BENEFICIAL NATIONAL LIFE INSURANCE COMPANY, Appellant.— Resettled order, Supreme Court, Bronx County, entered on July 31, 1972, granting defendant's motion for a protective order as to items 3(b), 3(c), 3(d) and 8 of the notice to take deposition dated January 26, 1972, and denying motion as to items 1 and 3(a), excepting certain limitations as to item 3(a), and

sending to a Special Referee the issue as to whether certain materials were prepared for litigation or not, unanimously modified, on the law and in the exercise of discretion, and the second decretal paragraph of the order appealed from is modified to the extent that the discovery of policies demanded in item 3(a), and directed to be produced, shall be limited to those policies involving the peculiar illnesses in issue or those similar thereto, and except as so modified otherwise affirmed, without costs and without disbursements. We cannot condone fishing expeditions into thousands of irrelevant files relating to many medical conditions, here 22, in disregard of relevancy, materiality and necessity, and the similarity of risks. Inquiry relating to dissimilar risks constitutes an unnecessary and unreasonable harassment of and burden to defendant. Thus, the broadside demand for the production under item 3(a) of all policies issued upon "any one or more" of undisclosed diseases, not limited to the peculiar illnesses in issue must be deemed improper. Small, or relatively small, insurance companies are entitled to the same protection against unreasonable and burdensome disclosure as the larger ones. (*Peterson* v. *New England Mut. Life Ins. Co.*, 33 A D 2d 547; *Glatzer* v. *Monarch Life Ins. Co.*, 40 A D 2d 771.) Concur — Stevens, P. J., McGivern, Markewich, Nunez and Lane, JJ.