■ ADAM GOLDBERG, Appellant, v BLUE CROSS OF NORTHEASTERN NEW YORK, INC., Respondent. — Appeal from an order of the Supreme Court at Special Term, entered August 25, 1980 in Albany County, which granted defendant's motion for a protective order vacating plaintiff's notice for discovery and inspection. From October 2, 1978 through August 31, 1979, plaintiff was a patient at and received medical care and treatment from the Austen Riggs Center, Inc., in the Town of Stockbridge, Massachusetts. As a result, he incurred medical bills in the amount of $44,516.26, and, despite the fact that throughout the period in question he was insured under a health insurance policy issued by defendant, the latter refused to pay any part of his medical expenses. Under these circumstances, plaintiff commenced the instant action wherein he seeks the recovery of $44,516.26 from defendant. Denying liability on the claim, defendant pleaded, as an affirmative defense, that plaintiff's policy specifically excluded coverage for services rendered at facilities such as Austen Riggs Center, Inc., which was allegedly a nonmember hospital for the treatment of mental disorders. Nonetheless, in response to interrogatories served by plaintiff, defendant also conceded that it had made payments totaling $72,252.61 to Austen Riggs Center, Inc., under an "Extended Benefits Rider" to the basic contract of another patient whom it had insured. Significantly, payments under the rider were subject to a $15,000 limitation, and defendant stated that its payments were continued beyond this limitation because of an "administrative error". Pursuing this matter, plaintiff thereafter sought discovery, pursuant to CPLR 3120, of the written requests and defendant's vouchers for those payments and also of any correspondence related to and any memorandum prepared by defendant concerning the payments. At Special Term, however, the court vacated plaintiff's notice for discovery and inspection on the ground that the information sought was irrelevant, and plaintiff now appeals. We hold that the challenged order

should be reversed. CPLR 3101 (subd [a]) provides for the "full disclosure of all evidence material and necessary in the prosecution or defense of an action", and this language in the statute should be interpreted liberally in favor of disclosure. To be considered "necessary" the information requested does not have to be indispensable, but only "needful" and sufficiently related to issues in litigation so that a party's effort to obtain the information in preparation for trial is reasonable. Indeed, the basic test which a court should apply in determining whether or not to allow discovery is "one of usefulness and reason" *(Allen v Crowell-Collier Pub. Co.,* 21 NY2d 403, 406-407). Applying these principles to the present situation, we find that the court should not have vacated the notice for discovery and inspection. Plaintiff here is obviously not seeking to conduct a fishing expedition into thousands of irrelevant files of defendant (cf. *Rodolitz v Beneficial Nat. Life Ins. Co.,* 41 AD2d 707), but rather seeks only to examine documents relating to the claim of another patient at Austen Riggs Center, Inc., who was insured by defendant and whose claim was paid by defendant in the sum of $72,252.61. The requested documents are not rendered irrelevant to this action merely because of the "Extended Benefits Rider" in the other patient's insurance contract. As previously noted, payments under that rider were limited to $15,000. That being so, plaintiff should be able to discover why defendant, on a previous and apparently similar claim, made payments to Austen Riggs Center, Inc., far in excess of the rider's limitation, and defendant should not be permitted to deflect plaintiff's inquiry by the bald assertion that the payments in excess of $15,000 were the result of "administrative error". In sum, plaintiff seeks information which is "needful" and sufficiently related to the issues being litigated, and, therefore, discovery should be had (cf. *Austin v Calhoon,* 51 AD2d 958). Accordingly, the subject notice for discovery and inspection must be reinstated. Moreover, to protect the other patient's right to confidentiality, this matter should be remanded to Special Term for an *in camera* examination of the documents requested so that the court can make a proper determination as to what portions of the documents should be disclosed and what portions should be protected *(Austin v Calhoon, supra).* Order reversed, on the law and the facts, with costs, and motion for protective order denied; matter remitted to Special Term for further proceedings not inconsistent herewith. Sweeney, J. P., Main, Mikoll, Yesawich, Jr., and Herlihy, JJ., concur.