■ VINCENT B. CANNAVALE, JR., et al., Plaintiffs, v COUNTY OF WESTCHESTER, Appellant, and CENTRAL ELEVATOR COMPANY, INC., Respondent.—

This action was commenced, *inter alia,* to recover damages for injuries allegedly incurred by the plaintiff Vincent B. Cannavale, Jr. in 1983, when an elevator on premises owned by the defendant County of Westchester stalled between two floors, necessitating the removal of the plaintiff from the elevator by firefighters. In its answer, the county, by its third

and fourth cross claims against the defendant Central Elevator Company, Inc. (hereinafter Central), sought, in pertinent part, a judgment declaring that based upon their contract, Central had an obligation to defend and indemnify it and that Central was liable for all of its attorneys' fees, costs and expenses incurred in defending this action.

The Supreme Court denied the county's motion for summary judgment on its third and fourth cross claims on the grounds that (1) it could not be determined whether the allegations of negligence in the complaint were within the terms of the indemnification clause of the contract between the county and Central, and (2) with respect to the request relating to Central's duty to defend, Central's insurance company had not been made a party to this action. The county appeals, as limited by its brief, from so much of the order as, in effect, denied its requests for relief relating to Central's duty to defend. We affirm but for reasons different than that stated by the Supreme Court.

Pursuant to Central's 1982 contract with the county, Central agreed to upgrade the elevators on the county's premises, including the elevator in question, and to service the elevators. The contract's defense and indemnification clause provided that Central would "indemnify and save harmless" the county for all liability and expenses directly or indirectly arising out of the contract. Further, Central agreed "to provide defense for and defend any claims or causes of action of any kind or character directly or indirectly arising out of [the contract] at its sole expense and agree[d] to bear all other costs and expenses relating thereto", but Central was not required to indemnify the county "from its * * * sole negligence".

Since this action arose from the execution of the 1982 elevator upgrading contract, the county argues that Central is obligated to provide its defense. Central maintains that its duty to defend cannot be determined separately from its duty to indemnify, which cannot be ascertained at this juncture since, as found by the Supreme Court, a question of fact exists as to whether Cannavale's alleged injuries were caused solely by the negligence of Central or by the negligence, in whole or in part, of the county.

We agree with Central, which is not an insurer, that its duty to defend is no broader than its duty to indemnify the county. General Obligations Law § 5-322.1 (1), as amended in 1981, which relates, in pertinent part, to agreements for the

repair of appurtenances in a building, prohibits and renders unenforceable any promise to hold harmless and indemnify a landowner against liability for damage arising out of bodily injuries to a person, caused by or resulting from the negligence of the landowner, whether such negligence be in whole or in part. The purpose of the amended statute was to avoid the imposition of liability for damages resulting from the partial or sole negligence of one party upon the other party to the contract since one party "should not be held to answer for the wrongful acts of another unless he is in the insurance business, assuming risks in return for [the] payment of premiums" (State Assembly mem in support of L 1981, ch 964, § 1, 1981 NY Legis Ann, at 502). Therefore, "it is inappropriate in the circumstances presented to require a defense by [Central] unless its obligation to indemnify is established" *(Sterner v Colonial Coop. Ins. Co.,* 136 AD2d 950, 951).

We note that the county did not seek specific relief against CNA Insurance Companies, which purportedly issued a policy to Central in accordance with Central's obligations under its contract with the county. We therefore do not address the county's rights, if any, against CNA Insurance Companies, which are separate and apart from its rights against Central *(see,* General Obligations Law § 5-322.1 [1]; *Patenaude v General Elec. Co.,* 147 AD2d 335, 338). Mollen, P.J., Lawrence, Eiber and Kooper, JJ., concur.