■ THELMA RODRIGUEZ, Plaintiff, v SAVOY BORO PARK ASSOCIATES LIMITED PARTNERSHIP et al., Appellants, and HALPERN CONSTRUCTION, INC., Respondent. (And a Third-Party Action.) [759 NYS2d 107] —In an action to recover damages for personal injuries, the defendants Savoy Boro Park Associates Limited

Partnership and Savoy Senior Housing Corporation appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Bonina, J.), dated August 27, 2002, as denied their motion, inter alia, for summary judgment on their cross claims for contractual indemnification against the defendant Halpern Construction, Inc., and granted that branch of the cross motion of the defendant Halpern Construction, Inc., which was to compel them to produce certain discovery.

Ordered that the order is affirmed insofar as appealed from, with costs.

A party seeking summary judgment based on an alleged failure to procure insurance naming that party as an additional insured must demonstrate that a contract provision required that such insurance be procured and that the provision was not complied with (see McGill v Polytechnic Univ., 235 AD2d 400 [1997]; DiMuro v Town of Babylon, 210 AD2d 373 [1994]). Here, Savoy Boro Park Associates Limited Partnership and Savoy Senior Housing Corporation (hereinafter the Savoy defendants) submitted only incomplete copies of the contract allegedly requiring Halpern Construction, Inc. (hereinafter Halpern), to obtain such insurance, and presented contradictory assertions regarding whether or not Halpern obtained the insurance. Under such circumstances, the Savoy defendants failed to establish their entitlement to summary judgment regarding this issue (see generally Winegrad v New York Univ. Med. Ctr., 64 NY2d 851 [1985]).

Moreover, although the Savoy defendants and Halpern signed a contract obligating Halpern to defend and indemnify the Savoy defendants for costs resulting from Halpern's work on the construction project for which Halpern acted as project manager, the contract conditioned Halpern's obligations on a finding that the costs were attributable to injuries "caused by the acts or omissions of [Halpern], [a] subcontractor or anyone directly or indirectly employed by them or anyone for whose acts they may be liable." Here, issues of fact exist regarding who was responsible for the defect that allegedly caused the plaintiff's injuries. Furthermore, contrary to the assertions of the Savoy defendants, Halpern's duty to defend is no broader than its duty to indemnify (see Cannavale v County of Westchester, 158 AD2d 645 [1990]). Accordingly, at this juncture the Supreme Court properly denied that branch of the motion of the Savoy defendants which was to require Halpern to defend or indemnify them in the action.

Halpern correctly contends that the Savoy defendants presented their argument regarding its insurance company's

obligation to cover their claim in the wrong forum. The merits of that argument, which addresses rights separate and apart from those asserted against Halpern (*see Cannavale v County of Westchester, supra* at 647), will be evaluated in the separate action for a declaratory judgment brought by the Savoy defendants against Halpern's insurance company.

Finally, the Supreme Court also providently exercised its discretion in directing the Savoy defendants to produce the discovery requested by Halpern (*see Sternheim v Triborough Bridge & Tunnel Auth.*, 283 AD2d 419 [2001]; *Goldberg v Blue Cross of Northeastern N.Y.*, 81 AD2d 995 [1981]).

The Savoy defendants' remaining contentions are without merit. Florio, J.P., Luciano, Schmidt and Cozier, JJ., concur.