■ ROBERT BRASCH, JR., Appellant-Respondent, v YONKERS CONSTRUCTION COMPANY, Defendant and Third-Party Plaintiff-Respondent. RICE MOHAWK U.S. CONSTRUCTION CO., LTD., Third-Party Defendant-Respondent-Appellant. [762 NYS2d 626] —Motion by the respondent-appellant for leave to reargue an appeal from an order and judgment (one paper) of the Supreme Court, Suffolk County, entered January 19, 2001, which was determined by decision and order of this Court dated October 7, 2002, or, in the alternative, for leave to appeal to the Court of Appeals from the decision and order of this Court.

Upon the papers filed in support of the motion, and the papers filed in opposition thereto, it is

Ordered that the branch of the motion which is for leave to appeal to the Court of Appeals is denied; and it is further,

Ordered that the branch of the motion which is for leave to reargue the appeal is granted, and upon reargument, the decision and order of this Court dated October 7, 2002 (298 AD2d 345 [2002]), is recalled and vacated, and the following decision and order is substituted therefor:

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an or-

der and judgment (one paper) of the Supreme Court, Suffolk County (Underwood, J.), entered January 19, 2001, as granted those branches of the respective motions of the defendant third-party plaintiff and the third-party defendant which were for summary judgment dismissing the causes of action to recover damages pursuant to Labor Law §§ 200 and 241 (6), and the third-party defendant cross-appeals from so much of the same order and judgment as, in effect, granted that branch of the motion of the defendant third-party plaintiff which was for summary judgment on its causes of action for a defense and contractual indemnification in the main action, and directed it to provide a defense to the defendant third-party plaintiff in that action.

Ordered that the order and judgment is reversed insofar as appealed and cross-appealed from, on the law, those branches of the motions of the defendant third-party plaintiff and the third-party defendant which were for summary judgment dismissing the causes of action to recover damages pursuant to Labor Law §§ 200 and 241 (6), and the branch of the motion of the defendant third-party plaintiff which was for summary judgment on its causes of action for a defense and contractual indemnification in the main action are denied; and it is further,

Ordered that one bill of costs payable by the defendant third-party plaintiff is awarded to the plaintiff and the third-party defendant.

The Supreme Court erred in dismissing the plaintiff's cause of action pursuant to Labor Law § 241 (6), which was predicated upon a violation of 12 NYCRR 23-1.28 (a) and (b). 12 NYCRR 23-1.28 (a) states that "[h]and-propelled vehicles shall be maintained in good repair. Hand-propelled vehicles having damaged handles or loose parts shall not be used." Subdivision (b) provides that the "[w]heels of hand-propelled vehicles shall be maintained free-running and well secured to the frames of the vehicles."

Contrary to the Supreme Court's finding, a violation of 12 NYCRR 23-1.28 (a) and (b) establishes a sufficient predicate for a cause of action pursuant to Labor Law § 241 (6), as those provisions of the Industrial Code sets forth specific, rather than general, safety standards (*see Freitas v New York City Tr. Auth.*, 249 AD2d 184, 185-186 [1998]; *Gray v Balling Constr. Co.*, 239 AD2d 913, 914 [1997]; *cf. Lazar v County of Ontario*, 221 AD2d 916 [1995]). Labor Law § 241 (6) "imposes a nondelegable duty upon owners and contractors to provide reasonable and adequate protection and safety to construction workers"

(*Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 878 [1993]).

The plaintiff alleges that the cart that he used to carry construction materials fell into a hole in a plywood work surface, causing him to sustain personal injuries. The plaintiff also alleges that the wheels of the cart were defective, thereby raising an issue of fact precluding summary judgment on the Labor Law § 241 (6) cause of action (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

Labor Law § 200 codifies the common-law duty of an owner or employer to provide employees a safe place to work (*see Comes v New York State Elec. & Gas Corp., supra* at 877; *Russin v Picciano & Son*, 54 NY2d 311, 316-317 [1981]; *Yong Ju Kim v Herbert Constr. Co.*, 275 AD2d 709, 712 [2000]). This provision applies to owners, contractors, or their agents, who "have the authority to control the activity bringing about the injury to enable it to avoid or correct an unsafe condition" (*see Russin v Picciano & Son, supra* at 317; *see Rizzuto v Wenger Constr. Co.*, 91 NY2d 343, 352 [1998]; *Lombardi v Stout*, 80 NY2d 290, 295 [1992]; *Kerins v Vassar Coll.*, 293 AD2d 514, 515 [2002]).

The plaintiff contends that the defendant third-party plaintiff violated Labor Law § 200 by its installation and maintenance of the allegedly defective plywood platform at the construction site. The Supreme Court therefore erred in granting the motion of the defendant third-party plaintiff for summary judgment dismissing the Labor Law § 200 cause of action, as there exist issues of fact as to whether the defendant third-party plaintiff breached its duty to maintain a safe work place (*see generally Zuckerman v City of New York, supra*).

The Supreme Court also erred in granting that branch of the motion of the defendant third-party plaintiff which was for summary judgment on its cause of action for contractual indemnification in the main action. While the third-party defendant is not obligated to indemnify the defendant third-party plaintiff for its own negligence (*see* General Obligations Law § 5-322.1 [1]), because there are issues of fact as to whether the defendant third-party plaintiff was negligent and whether such alleged negligence caused the plaintiff's injuries in whole or in part, it remains for trial to determine whether the third-party defendant will be required to indemnify the defendant (*see Kowalska v Board of Educ. of City of N.Y.*, 260 AD2d 546, 548 [1999]).

Further, it was premature to grant that branch of the motion of the defendant third-party plaintiff which was for sum-

mary judgment on its cause of action for a defense in the main action, and to direct the third-party defendant to provide a defense to the defendant third-party plaintiff in the main action since the third-party defendant is not an insurer and its duty to defend is no broader than its duty to indemnify (*see Rodriguez v Savoy Boro Park Assoc. Ltd. Partnership*, 304 AD2d 738 [2003]; *Medina v New York El. Co.*, 250 AD2d 656 [1998]; *Bermudez v New York City Hous. Auth.*, 199 AD2d 356, 357-358 [1993]; *Cannavale v County of Westchester*, 158 AD2d 645, 646-647 [1990]). Moreover, since the third-party defendant is not an insurer, it was inappropriate to require the third-party defendant to provide a defense to the defendant third-party plaintiff in the main action since the obligation of the third-party defendant to indemnify the defendant third-party plaintiff has yet to be determined (*see Cannavale v County of Westchester, supra*). S. Miller, J.P., Crane, Cozier and Rivera, JJ., concur.