■ Viacom Inc., Appellant-Respondent, v Philips Electronics North America Corporation, Formerly Known as North American Philips Electric Corporation, Respondent-Appellant. [791 NYS2d 104]—

Order, Supreme Court, New York County (Karla Moskowitz, J.), entered March 5, 2004, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion to renew and thereupon reinstated its previously dismissed claim for indemnification with respect to the pending personal injury claims and with respect to later-filed personal injury claims, but held that defendant has no duty to reimburse defense costs on an ongoing basis, unanimously affirmed, without costs. Appeals from order, same court and Justice, entered April 10, 2003, unanimously dismissed, without costs, as academic.

Defendant is not an insurer, and the contract of indemnity pursuant to which it is bound, strictly construed (*see Hooper Assoc., Ltd. v AGS Computers, Inc.*, 74 NY2d 487, 491-492 [1989]; *Matter of Heimbach v Metropolitan Transp. Auth.*, 75 NY2d 387, 392 [1990]), does not impose upon it a defense obligation comparable in breadth to that ordinarily borne by an

insurer; its duty to defend is no broader than its duty to indemnify (*see Brasch v Yonkers Constr. Co.,* 306 AD2d 508 [2003]). Whether the claims for which indemnification is here sought fall within the parties' agreement is a matter of interpretation that will not necessarily be determined when the underlying personal injury claims are resolved, so dismissal at this juncture on the ground that the indemnification claims are premature is not warranted. Although the underlying complaints allege intentional misconduct, it is unclear whether plaintiff and its predecessor in interest will be found to have intended the consequences of such conduct, so that dismissal of the indemnification claims with respect to such conduct is also not warranted (*see Public Serv. Mut. Ins. Co. v Goldfarb,* 53 NY2d 392, 400-401 [1981]; *Hertz Corp. v Government Empls. Ins. Co.,* 250 AD2d 181, 185-186 [1998], *lv dismissed* 93 NY2d 1040 [1999]).

We have considered the parties' other contentions for affirmative relief and find them unavailing. Concur—Tom, J.P., Marlow, Sullivan, Nardelli and Williams, JJ.