■ JUDITH BRYDE, Plaintiff, v CVS PHARMACY et al., Appellants, and JATO BUILDING CONTRACTORS, INC., Respondent. [878 NYS2d 152]—

In an action to recover damages for personal injuries, the defendants CVS Pharmacy, CVS Pharmacy, Inc., and Greenlawn CVS, Inc., appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (R. Doyle, J.), entered September 20, 2007, as denied that branch of their motion which was for summary judgment on their cross claims for common-law and contractual indemnification, and to recover damages for breach of contract against the defendant Jato Building Contractors, Inc.

Ordered that the order is affirmed insofar as appealed from, with costs.

In 2003 the defendant Jato Building Contractors, Inc. (here-

inafter Jato), entered into a construction contract with the defendants CVS Pharmacy, CVS Pharmacy, Inc., and Greenlawn CVS, Inc. (hereinafter collectively CVS), pursuant to which Jato agreed to build a CVS store in Greenlawn. Among other things, the contract required Jato to obtain an insurance policy naming CVS as an additional insured, and included an indemnification clause, obligating Jato to "defend, indemnify and hold harmless CVS . . . from and against all claims, damages, losses and expenses . . . arising out of or resulting from . . . any negligence or tortious act or omission" on its part in the construction process.

In 2005 the plaintiff commenced the instant action against CVS and Jato, alleging that she was injured in a slip-and-fall accident caused by the negligent design and construction of a handicapped access ramp outside the CVS store in Greenlawn. CVS asserted cross claims against Jato seeking an apportionment of liability between the parties pursuant to CPLR 1403 and 3019, to recover damages for breach of contract and for contribution, common-law indemnification, and contractual indemnification. CVS moved, inter alia, for summary judgment on the cross claims to recover damages for breach of contract and for common-law and contractual indemnification, and Jato cross-moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. The Supreme Court, among other things, denied CVS's motion. We affirm the order insofar as appealed from.

The Supreme Court properly denied that branch of CVS's motion which was for summary judgment on its cross claim for contractual indemnification against Jato, since CVS did not establish, as a matter of law, that the plaintiff's accident resulted from a "negligent or wrongful act or omission" on the part of Jato, as required by the defense and indemnification clause of its contract with Jato (see Coque v Wildflower Estates Devs., Inc., 31 AD3d 484, 489 [2006] [indemnification clause required proof of negligence "or wrongful act or omission"]; Rodriguez v Savoy Boro Park Assoc. Ltd. Partnership, 304 AD2d 738, 739 [2003]; Edwards v International Bus. Machs. Corp., 174 AD2d 863, 864-865 [1991]; cf. Pope v Supreme-K.R.W. Constr. Corp., 261 AD2d 523 [1999] [indemnification clause did not require proof of negligence]). It would also have been premature for the court to have granted that branch of CVS's motion which was for summary judgment on so much of the contractual indemnification claim as sought the provision of a defense by Jato since Jato "is not an insurer and its duty to defend is no broader than its duty to indemnify," which has yet to be established

(*Brasch v Yonkers Constr. Co.*, 306 AD2d 508, 511 [2003]; *see Rodriguez v Savoy Boro Park Assoc. Ltd. Partnership*, 304 AD2d at 739; *Cannavale v County of Westchester*, 158 AD2d 645, 646-647 [1990]).

Additionally, there are triable issues of fact which preclude an award of summary judgment with respect to the common-law indemnification claim, as CVS failed to establish "that no negligent act or omission on its part contributed to the plaintiff's injuries, and that its liability is therefore purely vicarious" (*Coque v Wildflower Estates Dev., Inc.*, 31 AD3d at 489; *see Amit v Hineni Heritage Ctr.*, 49 AD3d 574, 575 [2008]; *Public Adm'r of Kings County v 8 B.W., LLC*, 40 AD3d 834, 835 [2007]; *Medina v New York El. Co.*, 250 AD2d 656 [1998]; *La Lima v Epstein*, 143 AD2d 886, 888 [1988]).

Additionally, "[a] party seeking summary judgment based on an alleged failure to procure insurance naming that party as an additional insured must demonstrate that a contract provision required that such insurance be procured and that the provision was not complied with" (*Rodriguez v Savoy Boro Park Assoc. Ltd. Partnership*, 304 AD2d at 739; *see McGill v Polytechnic Univ.*, 235 AD2d 400, 402 [1997]). Since CVS failed to demonstrate that Jato breached the insurance procurement clause, the court did not err in denying that branch of CVS's motion which was for summary judgment on that cross claim (*see Kinney v Lisk Co.*, 76 NY2d 215, 218 [1990]; *Lima v NAB Constr. Corp.*, 59 AD3d 395 [2009]; *Kwang Ho Kim v D & W Shin Realty Corp.*, 47 AD3d 616, 620 [2008]). Dillon, J.P., Balkin, Belen and Chambers, JJ., concur. [*See* 2007 NY Slip Op 32930(U).]