■ KYUNG E. YEUM, Appellant, v CLOVE LAKES HEALTH CARE AND REHABILITATION CENTER, INC., Respondent. [895 NYS2d 742]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (McMahon, J.), dated May 27, 2009, which granted the defendant's motion for summary judgment dismissing the first cause of action to recover damages for an intentional assault and battery.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the first cause of action is denied.

The first cause of action in the amended complaint alleges that the decedent Heung Ki Yeum, while a resident at the nursing facility of the defendant Clove Lakes Health Care and Rehabilitation Center, Inc. (hereinafter Clove Lakes), was physically assaulted by an unnamed employee of Clove Lakes while the employee was acting within the scope of his employment. At the time of this alleged assault, Heung Ki Yeum was partially paralyzed, was unable to speak, write, or communicate, and relied upon Clove Lakes employees for all of his care.

The Supreme Court granted the motion of Clove Lakes for summary judgment dismissing the first cause of action to recover damages for intentional assault and battery. Since Clove Lakes failed to submit any admissible proof demonstrating either that no assault occurred or that its employee was not acting within the scope of his employment at the time of the alleged assault, we reverse.

Clove Lakes' failure to make a prima facie showing required the denial of the motion, regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Clove Lakes' prima facie burden cannot be met by evidence submitted for the first time in its reply papers (see David v Bryon, 56 AD3d 413 [2008]; Barrera v MTA Long Is. Bus, 52 AD3d 446 [2008]). Mastro, J.P., Angiolillo, Balkin and Sgroi, JJ., concur.