■ PATRICK KEANE, Appellant, v CHELSEA PIERS, L.P., et al., Respondents. [899 NYS2d 153]—

Judgment, Supreme Court, New York County (O. Peter Sherwood, J.), entered January 8, 2009, dismissing the action, and bringing up for review an order, same court and Justice, entered October 21, 2008, directing a verdict, after jury trial, in favor of defendants, dismissing plaintiff's common-law negligence and Labor Law §§ 200 and 240 (1) claims, unanimously

reversed, on the law, without costs, the judgment vacated, the order modified to reinstate the section 240 (1) claim, and a new trial directed thereon with respect to injuries sustained from the falling board.

Plaintiff was injured while working under a pier when the action of waves caused the floating stage on which he was kneeling to drop while plaintiff was sawing a board. This drop caused the board to fall on top of him. Given that the swing in elevation of the stage due to tides and waves was understood by all as a risk of this particular construction site, and the accident could not have occurred without the differential in elevation between the plaintiff (in the wave's trough) and the board above him, the injuries caused by the falling board were plainly contemplated by section 240 (1) (*see Dooley v Peerless Importers, Inc.*, 42 AD3d 199 [2007]; *see also generally Runner v New York Stock Exch., Inc.*, 13 NY3d 599 [2009]). Plaintiff's other injuries, caused by the wave lifting him up and knocking him against the bottom of the pier, are not similarly covered.

The court was correct in dismissing the statutory and common-law negligence claims against the tenants in possession. The accident was caused by waves from the wakes of passing vessels, an obvious condition known to plaintiff and his employer (*Bombero v NAB Constr. Corp.*, 10 AD3d 170 [2004]). We further note that bifurcation of the liability and damages issues at trial was not an improvident exercise of discretion (*Sommer v Pierre*, 51 AD3d 464 [2008]), inasmuch as plaintiff was permitted to put on medical evidence in rebuttal. Concur—Saxe, J.P., Catterson, Moskowitz, Freedman and Román, JJ.