YAKIMA TINGLING, Plaintiff, v C.I.N.H.R., INC., Defendant, and THYSSENKRUPP ELEVATOR CORPORATION, Defendant/Third-Party Plaintiff-Appellant. CENTRAL ISLAND NURSING HOME, INC., Third-Party Defendant-Respondent. [903 NYS2d 89]—

In an action to recover damages for personal injuries and a

third-party action to recover damages, inter alia, for breach of a contract to procure insurance, the defendant/third-party plaintiff appeals from an order of the Supreme Court, Queens County (Hart, J.), dated February 19, 2008, which denied its motion for summary judgment on the third-party complaint. The appeal brings up for review an order of the same court dated December 3, 2008, which denied the motion of the defendant/third-party plaintiff, in effect, for leave to renew its prior motion for summary judgment on the third-party complaint (*see* CPLR 5517 [b]).

Ordered that the orders are affirmed, with one bill of costs.

On November 11, 1996, the third-party defendant, Central Island Nursing Home (hereinafter the nursing home), hired the predecessor of the defendant/third-party plaintiff, Thyssenkrupp Elevator Corporation (hereinafter the elevator company), to service and maintain the elevators in one of its buildings. The contract required that the nursing home obtain liability insurance naming the elevator company's predecessor as an additional insured. In 2000 a second contract was signed which contained a virtually identical insurance procurement clause.

On March 16, 2003, the plaintiff allegedly was injured while using one of the elevators at the nursing home. She commenced the instant personal injury action against, among others, the elevator company. In 2007 the elevator company commenced a third-party action against the nursing home to recover damages, inter alia, for breach of its contract to procure insurance naming it as an additional insured. Thereafter, the elevator company moved for summary judgment on the third-party complaint. The Supreme Court denied its motion. The elevator company then moved, in effect, for leave to renew its prior motion for summary judgment on the third-party complaint. The Supreme Court also denied that motion. We affirm.

In support of its initial motion for summary judgment, the elevator company failed to make a prima facie showing of entitlement to judgment as a matter of law (*see generally Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). "A party seeking summary judgment based on an alleged failure to procure insurance naming that party as an additional insured must demonstrate that a contract provision required that such insurance be procured and that the provision was not complied with" (*Rodriguez v Savoy Boro Park Assoc. Ltd. Partnership*, 304 AD2d 738, 739 [2003]; *see Aragundi v Tishman Realty & Constr. Co., Inc.*, 68 AD3d 1027, 1029 [2009]). Here, the elevator company failed to demonstrate that the nursing home breached an insurance procurement clause (*see Bryde v*

*CVS Pharmacy*, 61 AD3d 907, 909 [2009]). In fact, the elevator company did not proffer a copy of the subject insurance policy with its initial moving papers. Instead, it submitted the insurance policy for the first time in the reply papers. The elevator company's "prima facie burden cannot be met by evidence submitted for the first time in its reply papers" (*Yeum v Clove Lakes Health Care & Rehabilitation Ctr., Inc.*, 71 AD3d 739 [2010]). Since the elevator company failed to meet its initial burden as movant, this Court need not review the sufficiency of the nursing home's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d at 853).

We note that, in the order dated February 19, 2008, the Supreme Court found that the affirmation of the elevator company's attorney was insufficient to establish which elevator maintenance and service contract was in effect at the time of the accident, or that the elevator company was the corporate successor to the signatory on the subject contracts. "The affidavit or affirmation of an attorney, even if he [or she] has no personal knowledge of the facts, may, of course, serve as the vehicle for the submission of acceptable attachments which do provide evidentiary proof in admissible form, e.g., documents, transcripts" (*Zuckerman v City of New York*, 49 NY2d 557, 563 [1980]). Here, the two elevator maintenance and service contracts, which were properly submitted as attachments to the elevator company's attorney's affirmation, are clear as to the relevant terms contained therein.

The elevator company's motion, in effect, for leave to renew its prior motion for summary judgment on the third-party complaint was properly denied, as the "new facts" offered would not "change the prior determination" (CPLR 2221 [e] [2]). Rivera, J.P., Santucci, Eng and Chambers, JJ., concur.