■ ANDREW ZASTENCHIK, Respondent, v KNOLLWOOD COUNTRY CLUB, Defendant/Third-Party Plaintiff-Respondent, et al., Defendant. AQUA PLUMBING & HEATING CORP., Third-Party Defendant-Appellant. [955 NYS2d 640]—

The plaintiff, a plumber, was allegedly injured when his foot became stuck in the mud to the depth of about 10 inches as he was retrieving pipes to be installed in a pro shop being constructed at a site owned by the Knollwood Country Club (hereinafter Knollwood). He commenced an action against Knollwood and Matell Contracting Company, Inc., the general contractor on the site, to recover damages for common-law negligence and violations of Labor Law §§ 200, 240 (1), and 241 (6). Knollwood commenced a third-party action seeking, inter alia, contractual indemnification against Aqua Plumbing and Heating Corp. (hereinafter Aqua), the plumbing subcontractor for the project, which employed the plaintiff.

"To recover under Labor Law § 241 (6), a plaintiff must establish the violation in connection with construction, demolition or excavation, of an Industrial Code provision which sets forth specific, applicable safety standards" (*Wein v Amato Props., LLC*, 30 AD3d 506, 507 [2006]; *see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 503-505 [1993]). Here, Aqua met its prima facie burden of establishing its entitlement to judgment as a matter of law dismissing the cause of action to recover damages for violation of Labor Law § 241 (6), which was predicated on violations of Industrial Code section 12 NYCRR 23-1.7 (d) and (e) (1) and (2). Aqua made a prima facie showing that those sections are inapplicable, as the plaintiff did not slip or trip (*see Urbano v Rockefeller Ctr. N., Inc.*, 91 AD3d 549, 550 [2012]; *Spence v Island Estates at Mt. Sinai II, LLC*, 79 AD3d 936, 938 [2010]; *Pope v Safety & Quality Plus, Inc.*, 74 AD3d 1040, 1041 [2010]; *Cooper v State of New York*, 72 AD3d 633, 635 [2010]). In opposition thereto, the plaintiff failed to raise a triable issue of fact. Therefore, the Supreme Court should have granted that branch of Aqua's motion which was for summary judgment dismissing the cause of action to recover damages for a violation of Labor Law § 241 (6).

However, the Supreme Court correctly denied that branch of Aqua's motion which was for summary judgment dismissing the causes of action to recover damages for common-law negligence and a violation of Labor Law § 200. "Labor Law § 200 codifies the common-law duty of an owner or contractor to provide employees with a safe place to work" (*Lane v Fratello Constr. Co.*, 52 AD3d 575, 576 [2008]). "The statute applies, inter alia, to owners and contractors who either created a dangerous condition or had actual or constructive notice of it" (*Wein v Amato Props., LLC*, 30 AD3d 506, 507 [2006]). "[P]roof that a dangerous condition is open and obvious does not preclude a finding of liability against a landowner for the failure to maintain the property in a safe condition but is relevant to the issue of the plaintiff's comparative negligence" (*Cupo v Karfunkel*, 1 AD3d 48, 52 [2003]). Here, Aqua did not establish, prima facie, its entitlement to judgment as a matter of law dismissing the causes of action to recover damages for common-law negligence and a violation of Labor Law § 200, as it failed to demonstrate that the alleged defect, deep mud, did not constitute a dangerous condition (*see Cupo v Karfunkel*, 1 AD3d at 53; *cf. Ulrich v Motor Parkway Props., LLC*, 84 AD3d 1221, 1222-1223 [2011]).

As the plaintiff correctly conceded in his affirmation in opposition to the motions by Knollwood and Aqua, his cause of action alleging a violation of Labor Law § 240 (1) is not viable (*see*

*Spence v Island Estates at Mt. Sinai II, LLC,* 79 AD3d at 937). Thus, the Supreme Court should have granted that branch of Aqua's motion which was for summary judgment dismissing that cause of action.

The Supreme Court erred in granting that branch of Knollwood's motion which was for summary judgment on its third-party cause of action for contractual indemnification. "The right to contractual indemnification depends upon the specific language of the contract" (*Reisman v Bay Shore Union Free School Dist.,* 74 AD3d 772, 773 [2010] [internal quotation marks omitted]). Pursuant to the terms of the contractual indemnification provision at issue, Aqua is required to indemnify Knollwood against "claims, damages, losses and expenses . . . only to the extent caused in whole or part by negligent acts or omissions of [Aqua]." Since it has not been demonstrated that Aqua's alleged negligence caused the plaintiff's accident, Knollwood failed to establish its entitlement to contractual indemnification.

Aqua's remaining contentions are without merit. Skelos, J.P., Leventhal, Chambers and Lott, JJ., concur.