In an action to recover damages for personal injuries, the defendant Pecker Iron Workers of Westchester, Inc., appeals, as limited by its brief, from so much of an order of the Supreme *921 Court, Kings County (F. Rivera, J.), dated May 22, 2012, as granted that branch of the cross motion of the defendants Christ Fellowship Baptist Church and Myler Church Building Systems, Inc., which was for summary judgment on their cross claim for contractual indemnification against the defendant Pecker Iron Workers of Westchester, Inc.
Ordered that the order is affirmed insofar as appealed from, with costs.
The right to contractual indemnification depends upon the specific language of the contract (see Zastenchik v Knollwood Country Club, 101 AD3d 861, 864 [2012]; George v Marshalls of MA, Inc., 61 AD3d 925, 930 [2009]). Pursuant to the terms of the contractual indemnification provision at issue, the defendant Pecker Iron Workers of Westchester, Inc. (hereinafter Pecker), is obligated to indemnify the defendants Christ Fellowship Baptist Church (hereinafter the church) and Myler Church Building Systems, Inc. (hereinafter Myler) (hereinafter together the church defendants), inter alia, for bodily injury which is “caused in whole or in part by [Pecker’s] negligent act or omission, or that of [its] subcontractor.” The church defendants satisfied their prima facie burden of establishing their entitlement to judgment as a matter of law under the subject contractual indemnification provision (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Contrary to Pecker’s contention, the Supreme Court properly considered a reply affidavit from an employee of the church attesting to the authenticity of the contract containing the subject indemnification provision. The reply affidavit was submitted in direct response to an argument made in Pecker’s opposition papers challenging the authenticity of the contract (see David v Chong Sun Lee, 106 AD3d 1044, 1045 [2013]; Arbour v Commercial Life Ins. Co., 240 AD2d 1001, 1002 [1997]). In opposition to the church defendants’ prima facie showing, Pecker failed to raise a triable issue of fact as to whether the plaintiffs accident was caused, in whole or part, by a negligent act or omission of Pecker’s subcontractor, River Steel Corp. (see Tapia v Mario Genovesi & Sons, Inc., 72 AD3d 800, 802 [2010]; cf. Zastenchik v Knollwood Country Club, 101 AD3d at 864; Bryde v CVS Pharmacy, 61 AD3d 907, 908 [2009]).
Accordingly, the Supreme Court properly granted that branch of the church defendants’ cross motion which was for summary judgment on their cross claim for contractual indemnification against Pecker. Balkin, J.P, Chambers, Lott and Hinds-Radix, JJ., concur.