Jairo Delgado, Respondent, v All-Safe, Inc., et al., Appellants. (And a Third-Party Action.) [987 NYS2d 913]—

In an action to recover damages for personal injuries, the defendant All-Safe, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Bunyan, J.), dated August 1, 2012, as granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against it, and denied its cross motion for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6) insofar as asserted against it, and the defendants Level 7 Development, LLC, and NCF Equities, LLC, separately appeal, as limited by their brief, from so much of the same order as

granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against them, and denied their separate cross motion for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against them.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof granting the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1), and substituting therefor a provision denying the plaintiff's motion, and (2) by deleting the provision thereof denying the cross motion of the defendant All-Safe, Inc., for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6) insofar as asserted against it, and substituting therefor a provision granting that cross motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs payable to the defendant All-Safe, Inc., by the plaintiff.

As the plaintiff correctly conceded before the Supreme Court, and concedes on appeal, the defendant All-Safe, Inc. (hereinafter All-Safe), is entitled to summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against it (see *Zastenchik v Knollwood Country Club*, 101 AD3d 861, 863 [2012]). In addition, All-Safe is entitled to summary judgment dismissing the cause of action alleging a violation of Labor Law § 241 (6) insofar as asserted against it, as it demonstrated, prima facie, that it did not have the authority to supervise or control the plaintiff's work and, in opposition, the plaintiff failed to raise a triable issue of fact (see *White v Village of Port Chester*, 92 AD3d 872, 876-877 [2012]; *Lopes v Interstate Concrete*, 293 AD2d 579, 580 [2002]; *Everitt v Nozkowski*, 285 AD2d 442, 443 [2001]).

The Supreme Court should have denied that branch of the plaintiff's motion which was for summary judgment on the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against the defendants Level 7 Development, LLC (hereinafter Level 7), and NCF Equities, LLC (hereinafter NCF). In order to prevail on the cause of action alleging a violation of Labor Law § 240 (1), the plaintiff was required to establish that the statute was violated and that the violation was a proximate cause of his injuries (see *Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 287-289 [2003]). The plaintiff, however, failed to establish, prima facie, that the hoist onto which he was loading a stack of sheetrock failed to provide him with proper protection.

The Supreme Court did, however, properly deny the cross motion of Level 7 and NCF for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against them. Level 7 and NCF failed to demonstrate, prima facie, that the plaintiff was not exposed to an elevation-related risk contemplated by Labor Law § 240 (1) (*see Marrero v 2075 Holding Co. LLC*, 106 AD3d 408, 408-409 [2013]; *Keane v Chelsea Piers, L.P.*, 71 AD3d 593, 594 [2010]; *Godoy v Baisley Lbr. Corp.*, 40 AD3d 920, 923 [2007]). Mastro, J.P., Leventhal, Chambers and Austin, JJ., concur.