Zimmer v County of Suffolk (2021 NY Slip Op 00331)





Zimmer v County of Suffolk


2021 NY Slip Op 00331


Decided on January 20, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 20, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
PAUL WOOTEN, JJ.


2018-13376
 (Index No. 11805/12)

[*1]Theresa Zimmer, appellant, 
v
County of Suffolk, defendant, Suffolk County Industrial Development Agency, et al., respondents.


Dell & Dean, PLLC, Garden City, NY (Christopher R. Dean of counsel), for appellant.
Cariello Law Firm, Uniondale, NY (Edgar Matos of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Joseph C. Pastoressa, J.), dated September 26, 2018. The order, insofar as appealed from, granted that branch of the motion of the defendants Suffolk County Industrial Development Agency and RXR Realty, LLC, which was for summary judgment dismissing the complaint insofar as asserted against the defendant RXR Realty, LLC, and denied the plaintiff's cross motion for leave to amend her bill of particulars.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On January 20, 2011, shortly after 6:00 p.m., the plaintiff allegedly was injured when she slipped and fell on a patch of ice in a parking lot. The plaintiff commenced this action to recover damages for personal injuries against, among others, the owner of the premises, Suffolk County Industrial Development Agency (hereinafter SCIDA), and the tenant of the premises, RXR Realty, LLC (hereinafter RXR), which was responsible for maintaining the premises. Thereafter, SCIDA and RXR (hereinafter together the defendants) moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them. In an order dated September 26, 2018, the Supreme Court, among other things, granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against RXR. The plaintiff appeals.
A party in possession or control of real property will be held liable for injuries sustained in a slip-and-fall accident involving snow and ice on its property only when it created the allegedly dangerous condition that caused the accident or had actual or constructive notice of its existence (see Coelho v S & A Neocronon, Inc., 178 AD3d 662, 663; Rong Wen Wu v Arniotes, 149 AD3d 786, 787). "A defendant has constructive notice of a hazardous condition on property when the condition is visible and apparent, and has existed for a sufficient length of time to afford the defendant a reasonable opportunity to discover and remedy it" (Velasquez v Pro Park, Inc., 173 AD3d 1246, 1247; see Gordon v American Museum of Natural History, 67 NY2d 836, 837-838).
Here, the defendants established RXR's prima facie entitlement to judgment as a matter of law by submitting, inter alia, the deposition testimony of the plaintiff and a maintenance [*2]worker for RXR. The plaintiff testified that she worked at the premises five days a week, typically from 9:00 a.m. to 5:00 p.m., and that she either came to the premises by car pool or driving herself. The plaintiff indicated that she had not seen any runoff of melting snow or ice from snow piles in the parking lot to the area where she allegedly fell prior to or on the date of the accident. The plaintiff further testified that during the morning of January 20, 2011, she parked her car at the premises and did not notice any ice on the parking lot surface at that time. The plaintiff indicated that when she left work shortly after 6:00 p.m., she "look[ed] down at the ground" while walking to her car, and she did not see the ice on which she slipped, which she described as being clear, until after she fell. Further, Mauricio Pacheco, a maintenance worker for RXR, testified that he checked the parking lot every morning, and if any ice was present, he would have salted the area. Pacheco indicated that if the temperature dropped below freezing or there was any precipitation later in the day, he would have again checked the parking lot for ice. Pacheco also testified that lighting for the parking lot turned on automatically at 6:00 p.m., and that he checked to make sure the lighting was working every morning. Consequently, the defendants demonstrated, prima facie, that RXR neither created nor had actual or constructive notice of the ice that allegedly caused the plaintiff to fall (see Elizee v Village of Amityville, 172 AD3d 1004, 1005; Elassad v Nastasi, 165 AD3d 1040, 1041; Bombino-Munroe v Church of St. Bernard, 163 AD3d 616, 617; Haberman v Meyer, 120 AD3d 1301, 1301-1302). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against RXR.
The plaintiff's remaining contention is without merit.
MASTRO, A.P.J., AUSTIN, HINDS-RADIX and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court