Breland-Marrow v RXR Realty, LLC (2022 NY Slip Op 04946)

Breland-Marrow v RXR Realty, LLC

2022 NY Slip Op 04946

Decided on August 17, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 17, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
WILLIAM G. FORD, JJ.

2019-11266
 (Index No. 605729/16)

[*1]Debra Breland-Marrow, et al., plaintiffs-appellants,
v
RXR Realty, LLC, et al., defendants third-party plaintiffs-respondents-appellants; ABM Janitorial Service Northeast, Inc., third-party defendant-respondent.

Gruenberg Kelly Della, Ronkonkoma, NY (Zachary M. Beriloff of counsel), for plaintiffs-appellants.
Cariello Law Firm, Uniondale, NY (Edgar Matos of counsel), for defendants third-party plaintiffs-respondents-appellants.
McGiff Halverson Dooley LLP, Patchogue, NY (Daniel J. O'Connell of counsel), for third-party defendant-respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal, and the defendants third-party plaintiffs cross-appeal, from an order of the Supreme Court, Suffolk County (David T. Reilly, J.), dated September 20, 2019. The order, insofar as appealed from, granted that branch of the motion of the defendants third-party plaintiffs which was for summary judgment dismissing the complaint. The order, insofar as cross-appealed from, denied, as academic, those branches of the motion of the defendants third-party plaintiffs which were for summary judgment on the third-party causes of action for contractual indemnification and to recover damages for breach of contract for failure to procure insurance.
ORDERED that the order is affirmed insofar as appealed from; and it is further,
ORDERED that the order is reversed insofar as cross-appealed from, on the law, and those branches of the motion of the defendants third-party plaintiffs which were for summary judgment on the third-party causes of action for contractual indemnification and to recover damages for breach of contract for failure to procure insurance are denied on the merits; and it is further,
ORDERED that one bill of costs is awarded to the defendants third-party plaintiffs payable by the plaintiffs, and one bill of costs is awarded to the third-party defendant payable by the defendants third-party plaintiffs.
The plaintiff Debra Breland-Marrow (hereinafter the injured plaintiff) allegedly slipped and fell on ice and water on one of the steps of a staircase inside a building owned and operated by the defendants third-party plaintiffs, RXR Realty, LLC (hereinafter RXR), and BEWCO Corporation (hereinafter BEWCO). The injured plaintiff, and her husband suing derivatively, [*2]commenced this action against RXR and BEWCO. RXR and BEWCO commenced a third-party action against RXR's service contractor, ABM Janitorial Service Northeast, Inc. (hereinafter ABM).
RXR and BEWCO moved for summary judgment dismissing the complaint and on the third-party causes of action for contractual indemnification and to recover damages for breach of contract for failure to procure insurance. RXR and BEWCO contended, inter alia, that they did not create the alleged hazardous condition or have actual or constructive notice of its existence. In an order dated September 20, 2019, the Supreme Court, among other things, granted that branch of the motion of RXR and BEWCO which was for summary judgment dismissing the complaint, and denied, as academic, those branches of their motion which were for summary judgment on the third-party causes of action for contractual indemnification and to recover damages for breach of contract for failure to procure insurance. The plaintiffs appeal, and RXR and BEWCO cross-appeal.
"In a slip-and-fall case, a defendant property owner moving for summary judgment has the burden of making a prima facie showing that it neither (1) affirmatively created the hazardous condition nor (2) had actual or constructive notice of the condition and a reasonable time to correct or warn about its existence" (Parietti v Wal-Mart Stores, Inc., 29 NY3d 1136, 1137; see Meade v New York City Hous. Auth., 189 AD3d 1390, 1391; Naulo v New York City Bd. of Educ., 71 AD3d 651). A defendant has constructive notice of a hazardous condition on property when the condition is visible and apparent, and has existed for a sufficient length of time to afford the defendant a reasonable opportunity to discover and remedy it (see Gordon v American Museum of Natural History, 67 NY2d 836, 837-838). To meet its prima facie burden on the issue of lack of constructive notice, the defendant must offer some evidence as to when the area in question was last cleaned or inspected relative to the time when the plaintiff fell (see Meade v New York City Hous. Auth., 189 AD3d at 1391; Quinones v Starret City, Inc., 163 AD3d 1020, 1021; Birnbaum v New York Racing Assn., Inc., 57 AD3d 598, 598-599).
Here, RXR and BEWCO established, prima facie, that they did not create the alleged hazardous condition or have actual or constructive notice of its existence (see Mavis v Rexcorp Realty, LLC, 143 AD3d 678; Finch v Dake Bros., Inc., 139 AD3d 1001). Contrary to the plaintiffs' contention, RXR and BEWCO demonstrated that ABM's employee was working on the day of the incident, that he actually followed his cleaning practices, and that he did not have constructive notice of the condition that allegedly caused the injured plaintiff to fall. In opposition, the plaintiffs failed to raise a triable issue of fact.
"The right to contractual indemnification depends upon the specific language of the contract" (Ramales v Pecker Iron Workers of Westchester, Inc., 114 AD3d 920, 921). The indemnification clause in RXR's contract with ABM required proof of a "negligent act or omission or misconduct" by ABM, and RXR and BEWCO failed to establish, prima facie, that they were entitled to recover reasonable attorney's fees and disbursements regardless of whether ABM was at fault in the happening of the accident (see Palaguachi v Idlewild 228th St., LLC, 197 AD3d 1321, 1323; Bryde v CVS Pharmacy, 61 AD3d 907, 908; Yacovacci v Shoprite Supermarket, Inc., 24 AD3d 539, 540-541).
Contrary to the contention of RXR and BEWCO, they were not entitled to summary judgment on the third-party cause of action to recover damages for breach of contract for failure to procure insurance. "A party seeking summary judgment based on an alleged failure to procure insurance naming that party as an additional insured must demonstrate that a contract provision required that such insurance be procured and that the provision was not complied with" (Rodriguez v Savoy Boro Park Assocs. Ltd. Partnership, 304 AD2d 738, 739). RXR and BEWCO did not submit any evidence to show that ABM failed to comply with its obligation to procure insurance naming RXR as an additional insured (cf. DiBuono v Abbey, LLC, 83 AD3d 650).
Accordingly, the Supreme Court properly granted that branch of the motion of RXR and BEWCO which was for summary judgment dismissing the complaint, but it should have denied, on the merits, those branches of their motion which were for summary judgment on the third-party causes of action for contractual indemnification and to recover damages for breach of contract for [*3]failure to procure insurance.
IANNACCI, J.P., MILLER, MALTESE and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court