Gayle v City of New York (2024 NY Slip Op 04249)

Gayle v City of New York

2024 NY Slip Op 04249

Decided on August 21, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 21, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
HELEN VOUTSINAS
JANICE A. TAYLOR, JJ.

2022-09306
 (Index No. 716802/20)

[*1]Quiana Gayle, etc., appellant, 
v
City of New York, et al., respondents.

Rosenbaum & Rosenbaum, P.C., New York, NY (Edwin S. Kim of counsel), for appellant.
Muriel Goode-Trufant, Acting Corporation Counsel, New York, NY (Deborah A. Brenner and Janet L. Zaleon of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered October 21, 2022. The order, insofar as appealed from, granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant New York City Department of Education.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action on behalf of her infant son, A.M., to recover damages for personal injuries A.M. allegedly sustained when he slipped and fell on ice at his school. The plaintiff alleged, inter alia, that the defendants, New York City Department of Education (hereinafter DOE) and City of New York, were negligent in their maintenance of the school premises and negligently supervised A.M. The defendants moved for summary judgment dismissing the complaint. In an order entered October 21, 2022, the Supreme Court granted the motion. The plaintiff appeals from so much of the order as granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against DOE.
In moving for summary judgment in an action predicated upon the presence of snow or ice, the defendants had the burden of establishing, prima facie, that DOE neither created the snow or ice condition that allegedly caused the plaintiff to fall nor had actual or constructive notice of that condition (see Islam v City of New York, 218 AD3d 449, 450; Miller v Terrace City Lodge No. 1499, Improved Benevolent Protection Order of the Elks of the World of Yonkers, N.Y., Inc., 197 AD3d 643, 644). "A defendant has constructive notice of a hazardous condition on property when the condition is visible and apparent, and has existed for a sufficient length of time to afford the defendant a reasonable opportunity to discover and remedy it" (Miller v Terrace City Lodge No. 1499, Improved Benevolent Protection Order of the Elks of the World of Yonkers, N.Y., Inc., 197 AD3d at 644; see Gordon v American Museum of Natural History, 67 NY2d 836, 837; Breland-Marrow v RXR Realty, LLC, 208 AD3d 627, 628). To demonstrate that it did not have constructive notice of a defective condition on its premises, a defendant must establish "when the area in question was last cleaned or inspected relative to the time when the plaintiff fell" (Breland-[*2]Marrow v RXR Realty, LLC, 208 AD3d at 628; see Rothman v Fairfield Mastic, LLC, 226 AD3d 934).
Here, the defendants established, prima facie, that DOE neither created the alleged icy condition nor had actual or constructive notice of the condition (see Rothman v Fairfield Mastic, LLC, 226 AD3d at 935; Breland-Marrow v RXR Realty, LLC, 208 AD3d at 629-630; Zimmer v County of Suffolk, 190 AD3d 898, 899). The defendants showed that the school had a weather protocol for salting and shoveling the premises, that neither DOE nor the school had received any complaints about the alleged icy condition, that the school maintained a log that indicated when the area was last inspected, and that there was no indication that ice was present when the area was last inspected (see Rothman v Fairfield Mastic, LLC, 226 AD3d at 935; Breland-Marrow v RXR Realty, LLC, 208 AD3d at 629; Zimmer v County of Suffolk, 190 AD3d at 899). In opposition, the plaintiff failed to raise a triable issue of fact.
The defendants also demonstrated, prima facie, that the level of supervision provided to A.M. was adequate (see D.M. v Yonkers City Sch. Dist., 220 AD3d 672, 673; R.B. v Sewanhaka Cent. High Sch. Dist., 207 AD3d 607, 609-610). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against DOE.
BRATHWAITE NELSON, J.P., MILLER, VOUTSINAS and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court