Eric Sougstad et al., Appellants, v William R. Meyer, Respondent. [835 NYS2d 722]—

In an action, inter alia, to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated August 24, 2006, as granted those branches of the defendant's motion which were for summary judgment dismissing the first and third causes of action on the ground that the plaintiff Eric Sougstad did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly dismissed the first cause of action asserted by the plaintiff Eric Sougstad to recover damages for personal injuries sustained in an automobile accident, as well as the third cause of action, which is a derivative claim as-

serted by the injured plaintiff's wife. Contrary to the plaintiffs' contention, the defendant established his prima facie entitlement to judgment as a matter of law on those causes of action by showing that the injured plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In his affidavit submitted in opposition to the motion, the injured plaintiff claimed, inter alia, that, "[a]s a result of [his] injuries, [he] was totally confined to [his] bed and home for two months and was partially confined to his bed and home for another month thereafter." That statement, however, directly contradicts his prior deposition testimony that he was bedridden for only two weeks and confined to his home for "two or three weeks" following the accident, and appears to have been tailored to avoid the consequences of that testimony. As such, it is insufficient to raise a triable issue of fact as to whether the injured plaintiff suffered a nonpermanent injury that prevented performance of substantially all the material acts constituting usual and customary daily activities for as least 90 days during the 180 day period immediately following the accident (*see Blackmon v Dinstuhl*, 27 AD3d 241 [2006]; Insurance Law § 5102 [d]). Although the injured plaintiff also claimed to have missed seven months of work following the accident, he failed to tender sufficient objective medical evidence relating his inability to work to the injuries allegedly sustained in the subject accident (*see Sainte-Aime v Ho*, 274 AD2d 569, 570 [2000]). Accordingly, summary judgment was properly granted dismissing the first and third causes of action. Rivera, J.P., Spolzino, Fisher, Lifson and Dickerson, JJ., concur.