■ KAREN FENNELL, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [989 NYS2d 608]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Ash, J.), dated March 15, 2013, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly slipped and fell on a slippery condition near the back door of the defendant's bus. The defendant moved for summary judgment dismissing the complaint, contending that it did not create the alleged hazardous condition or have actual or constructive notice of the alleged condition. The Supreme Court granted the motion.

A defendant moving for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (*see Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]; *Kokin v Key Food Supermarket, Inc.*, 90 AD3d 850 [2011]). A defendant has constructive notice of a defect when the defect is visible and apparent, and existed for a sufficient length of time before the accident that it could have been discovered and corrected (*see Gordon v American Museum of Natural History*, 67 NY2d at 837-838; *Halpern v Costco Warehouse/Costco Wholesale*, 95 AD3d 828 [2012]). "To meet its initial burden on the issue of lack of constructive notice, the defendant must offer some evidence as to when the area in question was last cleaned or inspected relative to the time when the plaintiff fell" (*Birnbaum v New York Racing Assn., Inc.*, 57 AD3d 598, 598-599 [2008]; *see Petersel v Good Samaritan Hosp. of Suffern, N.Y.*, 99 AD3d 880 [2012]).

Here, the defendant submitted evidence sufficient to establish, prima facie, that it did not create or have actual or constructive notice of the alleged hazardous condition (*see Guzman v Jewish Bd. of Family & Children's Servs., Inc.*, 103 AD3d 776 [2013]; *Kramer v SBR & C*, 62 AD3d 667 [2009]; *Perlongo v*

*Park City 3 & 4 Apts., Inc.*, 31 AD3d 409 [2006]; *Boyar v New York City Tr. Auth.*, 10 AD3d 625 [2004]). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Rivera, J.P., Balkin, Leventhal and Roman, JJ., concur.