Meech v Anthony (2020 NY Slip Op 00795)





Meech v Anthony


2020 NY Slip Op 00795


Decided on January 31, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, TROUTMAN, AND BANNISTER, JJ.


1317 CA 19-00857

[*1]JANE GRIFFIN MEECH, PLAINTIFF-RESPONDENT-APPELLANT,
v
ROBERT J. ANTHONY, JR., AND SARAH YERKOVICH, DEFENDANTS-APPELLANTS-RESPONDENTS. 






LAW OFFICES OF JOHN WALLACE, BUFFALO (JAMES J. NAVAGH OF COUNSEL), FOR DEFENDANTS-APPELLANTS-RESPONDENTS.
GELBER & O'CONNELL, LLC, AMHERST (TIMOTHY G. O'CONNELL OF COUNSEL), FOR PLAINTIFF-RESPONDENT-APPELLANT. 


 Appeal and cross appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered January 2, 2019. The order denied the motion of plaintiff for partial summary judgment and denied the cross motion of defendants for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the cross motion in part and dismissing the complaint insofar as it alleges that defendants had actual notice of the allegedly dangerous condition and as modified the order is affirmed without costs.
Memorandum: After slipping and falling on the front porch of defendants' home, plaintiff commenced this action to recover damages for injuries that she allegedly sustained as a result of the fall. Later in the same month when plaintiff fell, defendants took photographs of the porch. Subsequently, approximately five weeks after the fall, plaintiff took photographs of the porch. Unlike defendants' photographs, plaintiff's photographs appear to depict a green substance on the porch. In addition, the photographs depict planters on the porch. Defendant Sarah Yerkovich testified at her deposition that she watered plants that grew in the planters and that water could leak out of the planters onto the porch. In his affidavit, plaintiff's expert opined that water had saturated the wooden porch over a period of "many months," leading to the development of a "microbial growth" that would have become slippery in wet weather, such as occurred on the day of the fall. Plaintiff, at her deposition, viewed a photograph of the porch and identified a skid mark in the alleged growth as the location of the fall. Plaintiff moved for partial summary judgment on, inter alia, the issue of negligence, and defendants cross-moved for summary judgment dismissing the complaint. Defendants appeal and plaintiff cross-appeals from an order denying the motion and cross motion.
We agree with defendants on their appeal that Supreme Court erred in denying the cross motion with respect to the claim that defendants had actual notice of the allegedly dangerous condition, and we therefore modify the order accordingly. "To establish that they did not have actual notice of the allegedly dangerous condition, defendants were required to show that they did not receive any complaints concerning the area where plaintiff fell and were unaware of any . . . [slippery] substance in that location prior to plaintiff's accident" (Navetta v Onondaga Galleries LLC, 106 AD3d 1468, 1469 [4th Dept 2013]; see Cosgrove v River Oaks Rests., LLC, 161 AD3d 1575, 1576 [4th Dept 2018]). In support of their cross motion, defendants submitted the affidavit of defendant Robert J. Anthony, Jr., wherein he stated that he never observed a slippery organic growth on the porch prior to the fall and that no one had ever complained to him about the condition of the porch. In opposition, plaintiff failed to raise an issue of fact with respect to defendants' actual notice (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
Contrary to their further contentions, defendants failed to meet their initial burden of establishing that the green substance on the porch did not constitute a dangerous condition (see Smith v Szpilewski, 139 AD3d 1342, 1342 [4th Dept 2016]; cf. Wiedenbeck v Lawrence, 170 AD3d 1669, 1669 [4th Dept 2019]), that they lacked constructive notice of the condition (see Clarke v Wegmans Food Mkts., Inc., 147 AD3d 1401, 1402 [4th Dept 2017]; see generally Gordon v American Museum of Natural History, 67 NY2d 836, 837-838 [1986]), that they did not create the condition (see Chamberlain v Church of the Holy Family, 160 AD3d 1399, 1400-1401 [4th Dept 2018]), or that plaintiff could not identify what caused her to fall without engaging in speculation (see Doner v Camp, 163 AD3d 1457, 1457 [4th Dept 2018]). Even assuming, arguendo, that defendants met their initial burden on those claims, we conclude that plaintiff raised an issue of fact by submitting the affidavit of her expert. Although plaintiff's expert relied upon photographs that were taken approximately five weeks after the fall, that fact does not render his opinion inadmissible, but rather goes to its weight (see generally Sample v Yokel, 94 AD3d 1413, 1414 [4th Dept 2012]; Jackson v Nutmeg Tech., Inc., 43 AD3d 599, 602 [3d Dept 2007]).
Inasmuch as there are issues of fact with respect to defendants' negligence, we reject plaintiff's contention on her cross appeal that she is entitled to partial summary judgment on that issue (cf. Rodriguez v City of New York, 31 NY3d 312, 315, 323 [2018]; see generally Zuckerman, 49 NY2d at 562). Contrary to her further contention, res ipsa loquitur is inapplicable because the fall may have been caused by her own misstep (see Anderson v Skidmore Coll., 94 AD3d 1203, 1205 [3d Dept 2012]; see generally Dermatossian v New York
City Tr. Auth., 67 NY2d 219, 226 [1986]).
Entered: January 31, 2020
Mark W. Bennett
Clerk of the Court