Meade v New York City Hous. Auth. (2020 NY Slip Op 07881)





Meade v New York City Hous. Auth.


2020 NY Slip Op 07881


Decided on December 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
HECTOR D. LASALLE
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2018-11398
 (Index No. 1816/16)

[*1]Dayshawn Meade, appellant, 
v
New York City Housing Authority, respondent.


David Resnick & Associates, P.C. (Ephrem J. Wertenteil, New York, NY, of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY (Patrick J. Lawless of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Richard Velasquez, J.), dated July 2, 2018. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
At approximately 8:00 p.m. on September 23, 2015, the plaintiff allegedly was injured while descending an interior stairwell in a building located in Brooklyn and owned by the defendant, when he slipped and fell on urine and garbage located between the third and fourth floors. In November 2015, the plaintiff filed a timely notice of claim and thereafter testified at a hearing held pursuant to General Municipal Law § 50-h. In February 2016, the plaintiff commenced this action against the defendant. After the completion of discovery, the defendant moved for summary judgment dismissing the complaint. The Supreme Court granted the motion. The plaintiff appeals.
"In a slip-and-fall case, a defendant property owner moving for summary judgment has the burden of making a prima facie showing that it neither (1) affirmatively created the hazardous condition nor (2) had actual or constructive notice of the condition and a reasonable time to correct or warn about its existence" (Parietti v Wal-Mart Stores, Inc., 29 NY3d 1136, 1137; see Rodriguez v New York City Hous. Auth., 169 AD3d 947, 948). A defendant has constructive notice of a hazardous condition on property when the condition is visible and apparent, and has existed for a sufficient length of time to afford the defendant a reasonable opportunity to discover and remedy it (see Gordon v American Museum of Natural History, 67 NY2d 836, 837-838). To meet its prima facie burden on the issue of lack of constructive notice, the defendant must offer some evidence as to when the area in question was last cleaned or inspected relative to the time when the plaintiff fell (see Kravets v New York City Hous. Auth., 134 AD3d 678, 679; Birnbaum v New York Racing Assn., Inc., 57 AD3d 598, 598-599).
Here, in support of its motion, the defendant submitted, inter alia, the deposition transcript and affidavit of a building caretaker regarding his inspection of the subject stairwell. In addition, the defendant submitted an affidavit of the Resident Buildings Superintendent of the [*2]defendant's Emergency Services Department and an affidavit of the Assistant Superintendent of the housing development in which the subject building was located. The defendant demonstrated, prima facie, that it did not have actual or constructive notice of the condition alleged by the plaintiff to have caused his accident. Regarding actual notice, the affidavits from the Resident Buildings Superintendent and the Assistant Superintendent demonstrated that the defendant had not received any complaints of any hazardous conditions regarding the interior stairwells of the subject building (see Meech v Anthony, 179 AD3d 1555; Pilgrim v Avenue D Realty Co., 173 AD3d 788).
Furthermore, contrary to the plaintiff's contention, the deposition testimony and affidavit of the caretaker, who testified, inter alia, that he inspected the subject stairwell at approximately 4:10 p.m. on September 23, 2015, and did not find any liquid, garbage, urine, or other debris between the third and fourth floors, demonstrated, prima facie, that the defendant lacked constructive notice of the alleged condition on which the plaintiff fell. The caretaker testified that if he had observed any hazardous condition, he would have immediately cleaned it. The caretaker explained that this inspection, which occurred approximately three hours before the plaintiff's accident, was the final inspection of the day, after which no one was on duty until the following morning. Under the circumstances, the defendant established, prima facie, that the allegedly dangerous condition did not exist for a sufficient length of time to afford the defendant a reasonable opportunity to discover and remedy it (see Velasquez v Pro Park, Inc., 173 AD3d 1246, 1247; Pagan v New York City Hous. Auth., 172 AD3d 888, 889-890; Frederick v New York City Hous. Auth., 172 AD3d 545; Love v New York City Hous. Auth., 82 AD3d 588). In opposition, the plaintiff failed to raise a triable issue of fact (see Hernandez v New York City Hous. Auth., 116 AD3d 662). Accordingly, we agree with the Supreme Court's determination granting the defendant's motion for summary judgment dismissing the complaint.
DILLON, J.P., LASALLE, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court