McGahan v Brooklyn Pub. Lib. (2022 NY Slip Op 05846)

McGahan v Brooklyn Pub. Lib.

2022 NY Slip Op 05846

Decided on October 19, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 19, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
REINALDO E. RIVERA
JOSEPH A. ZAYAS
WILLIAM G. FORD, JJ.

2019-13589
 (Index No. 507890/17)

[*1]Zoya McGahan, appellant, 
v
Brooklyn Public Library, respondent.

William Pager, Brooklyn, NY, for appellant.
Eustace, Prezioso & Yapchanyk, New York, NY (Daniel P. Rocco of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Pamela L. Fisher, J.), dated November 20, 2019. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On October 22, 2015, the plaintiff allegedly slipped and fell as she descended certain steps located inside the defendant's premises. At her deposition, the plaintiff testified that, after her alleged fall, she observed "dirty old water" covering the stairs. The plaintiff commenced this action against the defendant. Thereafter, the defendant moved for summary judgment dismissing the complaint. The Supreme Court granted the defendant's motion. The plaintiff appeals.
"In a slip-and-fall case, a defendant property owner moving for summary judgment has the burden of making a prima facie showing that it neither (1) affirmatively created the hazardous condition nor (2) had actual or constructive notice of the condition and a reasonable time to correct or warn about its existence" (Parietti v Wal-Mart Stores, Inc., 29 NY3d 1136, 1137). "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit a defendant's employees to discover and remedy it" (Gordon v American Museum of Natural History, 67 NY2d 836, 837).
Here, the evidence submitted by the defendant in support of its motion, including the transcript of the deposition testimony of its employee, was sufficient to establish its prima facie entitlement to judgment as a matter of law dismissing the complaint (see Darbinyan v 1806 Ocean Realty, LLC, 185 AD3d 1003, 1004; Adamson v Radford Mgt. Assoc., LLC, 151 AD3d 913, 915; Farren v Board of Educ. of City of N.Y., 119 AD3d 518, 519; see also Rivera v 2160 Realty Co., L.L.C., 4 NY3d 837, 838). In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's contention that she slipped and fell on what appeared to be "dirty old water" did not raise a triable issue of fact as to whether that condition existed for a sufficient period of time in order for the defendant's employees to have identified the condition and remedied it (see Mehta v Stop & Shop Supermarket Co., LLC, 129 AD3d 1037, 1039).
The plaintiff's remaining contentions are without merit.
Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint.
CONNOLLY, J.P., RIVERA, ZAYAS and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court