Brannon v New York City Hous. Auth. (2023 NY Slip Op 05707)

Brannon v New York City Hous. Auth.

2023 NY Slip Op 05707

Decided on November 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
WILLIAM G. FORD
LILLIAN WAN, JJ.

2022-03123
 (Index No. 718783/19)

[*1]Bernadette Brannon, appellant,
v
New York City Housing Authority, respondent.

Segal & Lax, P.C., New York, NY (Patrick D. Gatti of counsel), for appellant.
Cullen and Dykman LLP, New York, NY (Diana Neyman of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Allan B. Weiss, J.), entered April 25, 2022. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On June 14, 2019, at approximately 10:00 p.m., the plaintiff allegedly was injured while descending an interior staircase in an apartment building, when she slipped and fell on urine between the third and fourth floors. The plaintiff commenced this action to recover damages for personal injuries against the owner of the building. The defendant moved for summary judgment dismissing the complaint, contending that it did not create the alleged hazardous condition or have actual or constructive notice of its existence. The Supreme Court granted the motion. The plaintiff appeals.
"In a slip-and-fall case, a defendant property owner moving for summary judgment has the burden of making a prima facie showing that it neither affirmatively created the hazardous condition nor had actual or constructive notice of the condition and a reasonable time to correct or warn about its existence" (Parietti v Wal-Mart Stores, Inc., 29 NY3d 1136, 1137; see Rodriguez v New York City Hous. Auth., 169 AD3d 947, 948). A defendant has constructive notice of a hazardous condition on its property when the condition is visible and apparent, and has existed for a sufficient length of time to afford the defendant a reasonable opportunity to discover and remedy it (see Gordon v American Museum of Natural History, 67 NY2d 836, 837-838; Meade v New York City Hous. Auth., 189 AD3d 1390, 1391). To meet its prima facie burden on the issue of lack of constructive notice, the defendant must offer some evidence as to when the area in question was last cleaned or inspected relative to the time when the plaintiff fell (see Kravets v New York City Hous. Auth., 134 AD3d 678, 679; Birnbaum v New York Racing Assn., Inc., 57 AD3d 598, 598-599).
Here, the defendant established, prima facie, that it did not create the alleged hazardous condition or have actual or constructive notice of its existence (see Meade v New York City Hous. Auth., 189 AD3d at 1392; Perez v New York City Hous. Auth., 75 AD3d 629). In support of its motion, the defendant submitted, inter alia, the affidavit of its caretaker and the deposition [*2]testimony of the caretaker's supervisor, which demonstrated that the subject staircase was last inspected by the defendant's caretaker before he left for the day at 4:30 p.m., and there was no urine on the staircase at that time. Additionally, the defendant received no complaints alerting it to the presence of urine in that location in the staircase between the last inspection at 4:30 p.m. and the plaintiff's alleged incident at approximately 10:00 p.m.
In opposition, the plaintiff failed to raise a triable issue of fact as to whether the defendant was aware of a recurring dangerous condition in the specific area of the staircase where she fell (see Pagan v New York City Hous. Auth., 172 AD3d 888, 890).
The plaintiff's contention that the defendant's motion should have been denied because it failed to attach a copy of the pleadings to the motion papers is being raised for the first time on appeal and is not properly before this Court (see Provident Bank v Giannasca, 55 AD3d 812).
Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint.
CONNOLLY, J.P., GENOVESI, FORD and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court