Harrington v New York City Tr. Auth. (2024 NY Slip Op 00297)

Harrington v New York City Tr. Auth.

2024 NY Slip Op 00297

Decided on January 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2022-01361
 (Index No. 150094/17)

[*1]Rachel Harrington, appellant, 
v
New York City Transit Authority, respondent, et al., defendant.

Harmon, Linder & Rogowsky (Mitchell Dranow, Sea Cliff, NY, of counsel), for appellant.
Anna J. Ervolina, Brooklyn, NY (Timothy J. O'Shaughnessy of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Thomas P. Aliotta, J.), dated January 27, 2022. The order granted the motion of the defendant New York City Transit Authority for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant New York City Transit Authority for summary judgment dismissing the complaint insofar as asserted against it is denied.
The plaintiff commenced this action against the defendant New York City Transit Authority (hereinafter the defendant), and another, to recover damages for personal injuries that she allegedly sustained when she slipped and fell on a wet substance on the floor of a bus owned by the defendant. In an order dated January 27, 2022, the Supreme Court granted the defendant's motion for summary judgment dismissing the complaint insofar as asserted against it. The plaintiff appeals.
"A defendant moving for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it" (Fennell v New York City Tr. Auth., 119 AD3d 641, 641; see Gordon v American Museum of Natural History, 67 NY2d 836, 837). A defendant has constructive notice of a hazardous condition when the condition is visible and apparent, and has existed for a sufficient length of time to afford the defendant a reasonable opportunity to discover and remedy it (see Gordon v American Museum of Natural History, 67 NY2d at 837). "To meet its initial burden on the issue of lack of constructive notice, the defendant must offer some evidence as to when the area in question was last cleaned or inspected relative to the time when the plaintiff fell" (Fennell v New York City Tr. Auth., 119 AD3d at 641 [internal quotation marks omitted]).
Here, the defendant failed to establish its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it. The deposition testimony of a dispatcher employed by the defendant merely referred to general pre-trip inspection procedures performed by drivers. The defendant failed to present any evidence regarding "specific cleaning or [*2]inspection of the area in question relative to the time when the subject accident occurred" (Steele v Samaritan Found., Inc., 176 AD3d 998, 1000; see Quinones v Starret City, Inc., 163 AD3d 1020, 1022).
Further, the defendant could not rely upon the video of the bus that it submitted on its motion so as to meet its prima facie burden, as the video was not authenticated, and thus, was not in admissible form (see Rosa v Gordils, 211 AD3d 1060, 1061; Read v Ellenville Natl. Bank, 20 AD3d 408, 409). Contrary to the defendant's contention, the plaintiff did not "adopt[ ]" the video in her affidavit in opposition to the motion. Indeed, the plaintiff never mentioned the video in her affidavit.
Since the defendant failed to meet its initial burden as the movant, the Supreme Court should have denied its motion for summary judgment dismissing the complaint insofar as asserted against it without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
IANNACCI, J.P., FORD, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court