Carmenati v Sea Park E., L.P. (2024 NY Slip Op 04057)

Carmenati v Sea Park E., L.P.

2024 NY Slip Op 04057

Decided on July 31, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 31, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
CARL J. LANDICINO, JJ.

2022-06588
 (Index No. 509958/18)

[*1]Ralph Carmenati, appellant,
v
Sea Park East, L.P., et al., respondents.

David J. Hernandez, Brooklyn, NY (Mark A. Longo of counsel), for appellant.
Lewis Johs Avallone Aviles, LLP, New York, NY (Amy E. Bedell of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Devin P. Cohen, J.), dated June 27, 2022. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained when he slipped and fell on a wet substance while descending an interior stairway within the defendants' premises. The defendants moved for summary judgment dismissing the complaint. In an order dated June 27, 2022, the Supreme Court granted the defendants' motion. The plaintiff appeals.
"A defendant moving for summary judgment in a slip-and-fall case has the burden of demonstrating, prima facie, that it did not create the alleged dangerous condition or have actual or constructive notice of its existence for a sufficient length of time to discover and remedy it" (Jeremias v Lake Forest Estates, 147 AD3d 742, 742; see Gordon v American Museum of Natural History, 67 NY2d 836, 837). A defendant has constructive notice of a dangerous condition on property when the condition is visible and apparent and has existed for a sufficient length of time to afford the defendant a reasonable opportunity to discover and remedy it (see Gordon v American Museum of Natural History, 67 NY2d at 837-838; Meade v New York City Hous. Auth., 189 AD3d 1390). To meet its burden on the issue of lack of constructive notice, the defendant is required to offer some evidence as to when the area in question was last cleaned or inspected relative to the time when the plaintiff slipped and fell (see Meade v New York City Hous. Auth., 189 AD3d at 1391; Kravets v New York City Hous. Auth., 134 AD3d 678, 679).
Contrary to the plaintiff's contention, the defendants established, prima facie, that they lacked constructive notice of the alleged dangerous condition on the stairway. In support of their motion, the defendants submitted, among other things, an affidavit from their security director and a transcript of his deposition testimony, as well as security logs for the subject premises, which demonstrated that the area of the stairway in question was last inspected at 2:46 p.m. on the date of the accident, less than three hours before the plaintiff fell, and no liquid or similar substance was [*2]found in that location. The defendants' submissions established, prima facie, that the alleged dangerous condition did not exist for a sufficient length of time to afford the defendants a reasonable opportunity to discover and remedy it (see Meade v New York City Hous. Auth., 189 AD3d at 1392; Pagan v New York City Hous. Auth., 172 AD3d 888, 889-890; Hernandez v New York City Hous. Auth., 116 AD3d 662). In opposition, the plaintiff failed to raise a triable issue of fact (see Hernandez v New York City Hous. Auth., 116 AD3d at 663).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint.
CONNOLLY, J.P., CHRISTOPHER, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court