| |
|---|
| **Green v Whole Foods Mkt. Group, Inc.** |
| 2024 NY Slip Op 33091(U) |
| September 4, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 155089/2020 |
| Judge: Paul A. Goetz |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. PAUL A. GOETZ                  PART                47

*Justice*

-------------------------------------------------------------------------X

SHANTA GREEN,

                             Plaintiff,

- v -

WHOLE FOODS MARKET GROUP, INC.,125TH & LENOX OWNER LLC

                             Defendants.

-------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 155089/2020 |
| MOTION DATE | 02/27/2023 |
| MOTION SEQ. NO. | 005 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 005) 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99

were read on this motion to/for       SUMMARY JUDGMENT (AFTER JOINDER)    .

In this slip-and-fall action in a grocery store restroom, defendants Whole Foods Market Group Inc. (Whole Foods) and 125th & Lenox Owner LLC move pursuant to CPLR § 3212 for summary judgment dismissing plaintiff's complaint.

## BACKGROUND

Defendant 125th & Lenox Owner LLC owns the shopping center located at 100 W 125th Street, New York, NY 10027, where Whole Foods operates a grocery store (NYSCEF Doc No 7 ¶¶ 5-8). Plaintiff alleges that on March 12, 2018 at around 10:30 p.m., she entered one of Whole Food's private ground-floor restrooms near the exit (*id.* ¶ 24; NYSCEF Doc No 70 ¶¶ 1-2). There were no caution signs (NYSCEF Doc No 71, 44:19-45:19). Plaintiff did not observe any water on the floor or other slipping hazard, but after using the toilet and flushing, she slipped on her way towards the sink just a few steps away and fell to the floor (NYSCEF Doc No 72, 52:6-55:15). Plaintiff then noticed that she had slipped on a clear liquid on the floor (*id.*, 58:15-59:2).

**155089/2020 GREEN, SHANTA vs. WHOLE FOODS MARKET GROUP, INC.**       **Page 1 of 5**
**Motion No. 005**

1 of 5

She was not sure where the liquid came from or how long it had been there but speculated that "maybe it was a leakage from the toilet after [she] flush[ed] it" (*id.*, 52:2-5).

After leaving the restroom, plaintiff found a Whole Foods manager and notified them that that she had fallen in the bathroom and that it should be cleaned (*id.*, 64:5-65:10, 67:2-9). The incident was recorded in a Whole Foods incident report form (NYSCEF Doc No 79). Whole Foods follows a "Gleason process" by which the maintenance crew inspects certain areas in the store on an hourly basis and records the results of those inspections in a log (NYSCEF Doc No 76, 59:20-61:8). The supervisor of the maintenance team monitors this process, personally checking the high-volume areas (such as restrooms) to verify that the maintenance employee has adequately performed their duties (NYSCEF Doc No 82 ¶ 51). The inspection log reflects that the last inspection of the restroom before the accident occurred at 9:12 p.m. (NYSCEF Doc No 80; NYSCEF Doc No 76, 79:3-80:25).

## DISCUSSION

"It is well settled that 'the proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact.'" (*Pullman v Silverman*, 28 NY3d 1060, 1062 [2016], quoting *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). "Failure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers." (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985] [internal citations omitted]). "Once such a prima facie showing has been made, the burden shifts to the party opposing the motion to produce evidentiary proof in admissible form sufficient to raise material issues of fact which require a trial of the action." (*Cabrera v Rodriguez*, 72 AD3d 553, 553-554 [1st Dept 2010], citing *Alvarez*, 68 NY2d at 342). "The court's function on a motion for summary

**155089/2020   GREEN, SHANTA vs. WHOLE FOODS MARKET GROUP, INC.**          **Page 2 of 5**
**Motion No.  005**

2 of 5

[* 2]

judgment is merely to determine if any triable issues exist, not to determine the merits of any such issues or to assess credibility." (*Meridian Mgmt. Corp. v Cristi Cleaning Serv. Corp.*, 70 AD3d 508, 510-511 [1ˢᵗ Dept 2010] [internal citations omitted]). If there is any doubt as to the existence of a triable fact, the motion for summary judgment must be denied (*Rotuba Extruders v Ceppos*, 46 NY2d 223, 231 [1978]).

"A defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it did not create the hazardous condition which allegedly caused the fall, and did not have actual or constructive notice of that condition for a sufficient length of time to discover and remedy it" (*Mehta v Stop & Shop Supermarket Co., LLC*, 129 AD3d 1037, 1038 [2ⁿᵈ Dept 2015]). "To provide constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit the defendants to discover and remedy it" (*Medina v La Fiura Dev. Corp.*, 69 AD3d 686, 686 [2ⁿᵈ Dept 2010]). "To meet its initial burden on the issue of lack of constructive notice, the defendant must offer some evidence as to when the area in question was last cleaned or inspected relative to the time when the plaintiff fell" (*Islam v City of New York*, 218 AD3d 449, 450 [2ⁿᵈ Dept 2023]). "Mere reference to general cleaning and inspection practices is insufficient to establish a lack of constructive notice" (*id.* at 451).

Defendants argue that plaintiff's complaint should be dismissed because there are only two possible scenarios: (1) the liquid formed on the floor after plaintiff flushed the toilet, in which case defendants did not have an opportunity to discover and remedy the hazard; or (2) the liquid was on the floor when plaintiff entered the restroom, but it was not visible and apparent or present for a long time, in which case defendants did not have constructive notice (NYSCEF Doc

**155089/2020   GREEN, SHANTA vs. WHOLE FOODS MARKET GROUP, INC.**
**Motion No.  005**

**Page 3 of 5**

[* 3]

3 of 5

No 83). Plaintiff argues that summary judgment is inappropriate because factual disputes remain, such as whether defendants lacked constructive notice of the hazard (NYSCEF Doc No 91).

Here, defendants met their initial burden of demonstrating their lack of constructive notice by submitting an inspection log reflecting that the restroom was last checked for cleanliness and safety at 9:12 p.m. before plaintiff's accident at around 10:30 p.m. (*Carmenati v Sea Park E., L.P.*, 2024 NY Slip Op 04057, *1-2 [2nd Dept 2024] [defendant "established, prima facie, that the alleged dangerous condition did not exist for a sufficient length of time to afford the defendants a reasonable opportunity to discover and remedy it" by submitting security logs that demonstrated that the area was inspected "less than three hours before the plaintiff fell, and no liquid or similar substance was found in that location"]). Plaintiff asserts that "Defendants fail to establish when the area in question was last inspected prior to Plaintiff's fall" but she does not dispute the authenticity of the inspection log, noting only that defendants' only witness, Whole Foods supervisor Bria King, has no personal knowledge or memory of the last inspection (NYSCEF Doc No 91). That the supervisor who approved the inspection had no recollection of doing so at her deposition (taken more than four years after the incident) is insufficient to undermine the evidence submitted. Accordingly, defendants' motion will be granted.

**CONCLUSION**

Based on the foregoing, it is

**155089/2020   GREEN, SHANTA vs. WHOLE FOODS MARKET GROUP, INC.**
**Motion No. 005**

**Page 4 of 5**

4 of 5

ORDERED that defendants' motion for summary judgment dismissing plaintiff's

complaint is granted.

20240904163150PGOETZ11BEEB56E90334AE86005C6C1602B5407

| 9/4/2024 | | PAUL A. GOETZ, J.S.C. |
|---|---|---|
| DATE | | |

CHECK ONE:

| | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | GRANTED IN PART | | OTHER |

APPLICATION:    [ ] SETTLE ORDER    [ ] SUBMIT ORDER

CHECK IF APPROPRIATE:    [ ] INCLUDES TRANSFER/REASSIGN    [ ] FIDUCIARY APPOINTMENT    [ ] REFERENCE

155089/2020   GREEN, SHANTA vs. WHOLE FOODS MARKET GROUP, INC.
Motion No. 005

Page 5 of 5