Arbit v Costco Wholesale Corp. (2024 NY Slip Op 04366)

Arbit v Costco Wholesale Corp.

2024 NY Slip Op 04366

Decided on September 11, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 11, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2022-01640
 (Index No. 150925/19)

[*1]Sheva Arbit, respondent, 
v
Costco Wholesale Corporation, etc., appellant.

Connors & Connors, P.C., Staten Island, NY (Robert J. Pfuhler of counsel), for appellant.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Richmond County (Orlando Marrazzo, Jr., J.), dated March 3, 2022. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.
The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained on July 2, 2018, at approximately 4:00 p.m., when she slipped and fell on food on the floor of the defendant's store. The defendant moved for summary judgment dismissing the complaint. In an order dated March 3, 2022, the Supreme Court denied the defendant's motion. The defendant appeals.
"In a slip-and-fall case, a defendant property owner moving for summary judgment has the burden of making a prima facie showing that it neither (1) affirmatively created the hazardous condition nor (2) had actual or constructive notice of the condition and a reasonable time to correct or warn about its existence" (Parietti v Wal-Mart Stores, Inc., 29 NY3d 1136, 1137; see Jeremias v Lake Forest Estates, 147 AD3d 742). "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (Gordon v American Museum of Natural History, 67 NY2d 836, 837; see McGahan v Brooklyn Pub. Lib., 209 AD3d 853). "To meet its prima facie burden on the issue of lack of constructive notice, the defendant must offer some evidence as to when the area in question was last cleaned or inspected relative to the time when the plaintiff fell" (Breland-Marrow v RXR Realty, LLC, 208 AD3d 627, 628; see Mehta v Stop & Shop Supermarket Co., LLC, 129 AD3d 1037, 1038).
Here, the defendant established, prima facie, that it did not create or have actual or constructive notice of the condition alleged by the plaintiff to have caused the accident. In support of its motion, the defendant submitted, inter alia, the deposition testimony of its employee, as well as the "Daily Floor-walk / Safety Inspection" record for the day of the incident, which demonstrated that the area in question was last inspected between 2:47 p.m. and 3:40 p.m. on the date of the accident and that no hazardous condition was found in that location (see Meade v New York City Hous. Auth., 189 AD3d 1390, 1392; Pagan v New York City Hous. Auth., 172 AD3d 888, 889-890; [*2]Sohi v Costco Wholesale Corp., 144 AD3d 1130, 1131). The employee testified that if he had observed any hazardous condition on the floor, he would have immediately cleaned it (see Meade v New York City Hous. Auth., 189 AD3d at 1392). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint.
BARROS, J.P., MILLER, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court