Isaac v New York City Tr. Auth. (2025 NY Slip Op 02333)

Isaac v New York City Tr. Auth.

2025 NY Slip Op 02333

Decided on April 23, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
VALERIE BRATHWAITE NELSON
CARL J. LANDICINO
PHILLIP HOM, JJ.

2024-00660
 (Index No. 712082/20)

[*1]Jennifer A. Isaac, appellant, 
v
New York City Transit Authority, et al., respondents.

Gregory Spektor & Associates, P.C. (The Altman Law Firm, PLLC, Woodmere, NY [Michael T. Altman], of counsel), for appellant.
Shein Johnson, P.C., Melville, NY (Steven Johnson of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Mojgan C. Lancman, J.), dated October 10, 2023. The order, insofar as appealed from, granted that branch of the defendants' motion which was for summary judgment dismissing the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to recover damages for personal injuries that she allegedly sustained when she slipped and fell as she was descending the steps of a vehicle owned by the New York City Transit Authority, leased to MV Transportation, Inc., and operated by Aultia Zammett (hereinafter collectively the defendants). In an order dated October 10, 2023, the Supreme Court, inter alia, granted that branch of the defendants' motion which was for summary judgment dismissing the complaint. The plaintiff appeals.
"In a slip-and-fall case, a defendant property owner moving for summary judgment has the burden of making a prima facie showing that it neither (1) affirmatively created the hazardous condition nor (2) had actual or constructive notice of the condition and a reasonable time to correct or warn about its existence" (Parietti v Wal-Mart Stores, Inc., 29 NY3d 1136, 1137; see Fennell v New York City Tr. Auth., 119 AD3d 641, 641). Here, the defendants established, prima facie, that they did not create the alleged hazardous condition or have actual or constructive notice of its existence (see Gordon v American Museum of Natural History, 67 NY2d 836, 837; Fennell v New York City Tr. Auth., 119 AD3d at 641). In opposition, the plaintiff failed to raise a triable issue of fact.
The plaintiff's contention that the defendants failed to establish their prima facie entitlement to judgment as a matter of law because they failed to attach a copy of the bill of particulars to the motion papers is improperly raised for the first time on appeal (see Brannon v New York City Hous. Auth., 221 AD3d 772, 773).
Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the complaint.
GENOVESI, J.P., BRATHWAITE NELSON, LANDICINO and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court