Freeman v New York City Hous. Auth. (2025 NY Slip Op 04086)

Freeman v New York City Hous. Auth.

2025 NY Slip Op 04086

Decided on July 9, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 9, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
VALERIE BRATHWAITE NELSON
HELEN VOUTSINAS
CARL J. LANDICINO, JJ.

2023-10924
 (Index No. 528630/21)

[*1]Ronald Freeman, appellant, 
v
New York City Housing Authority, respondent.

Decolator Cohen & Diprisco, LLP, Garden City, NY (Carolyn M. Canzoneri of counsel), for appellant.
Kres & Flores, LLP (Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, New York, NY [Patrick J. Lawless], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated September 29, 2023. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.
One evening in April 2021, the plaintiff, a New York City police officer, was assigned to patrol the defendant's residential complex. As he was descending an interior staircase, the plaintiff allegedly slipped and fell on foreign substances. The plaintiff subsequently commenced this action against the defendant to recover damages for personal injuries. The defendant moved for summary judgment dismissing the complaint. In an order dated September 29, 2023, the Supreme Court granted the motion. The plaintiff appeals.
"In a slip-and-fall case, a defendant property owner moving for summary judgment has the burden of making a prima facie showing that it neither (1) affirmatively created the hazardous condition nor (2) had actual or constructive notice of the condition and a reasonable time to correct or warn about its existence" (Parietti v Wal-Mart Stores, Inc., 29 NY3d 1136, 1137; see Rodriguez v New York City Hous. Auth., 169 AD3d 947, 948). A defendant has constructive notice of a hazardous condition when the condition is visible and apparent and has existed for a sufficient length of time to afford the defendant a reasonable opportunity to discover and remedy it (see Gordon v American Museum of Natural History, 67 NY2d 836, 837; Meade v New York City Hous. Auth., 189 AD3d 1390, 1391). To meet its prima facie burden on the issue of lack of constructive notice, the defendant must offer some evidence as to when the area in question was last cleaned or inspected relative to the time when the plaintiff fell (see Ortiz v New York City Hous. Auth., 227 AD3d 732, 733; Rodriguez v New York City Hous. Auth., 169 AD3d at 948).
Here, the defendant failed to establish, prima facie, that it did not have constructive notice of the alleged hazardous condition. While the deposition testimony of the building's caretaker demonstrated that the caretaker inspected and cleaned the subject stairwell on a regular basis, the [*2]defendant failed to present evidence regarding specific cleaning or inspection of that stairwell relative to the time when the subject accident occurred (see Ortiz v New York City Hous. Auth., 227 AD3d at 733; Rodriguez v New York City Hous. Auth., 169 AD3d at 948). "Reference to general cleaning practices is insufficient to establish a lack of constructive notice in the absence of evidence regarding specific cleaning or inspection of the area in question" (Rong Wen Wu v Arniotes, 149 AD3d 786, 787; see Quinones v Starret City, Inc., 163 AD3d 1020, 1021-1022).
In light of our determination, it is not necessary to address the parties' remaining contentions.
Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint, regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
IANNACCI, J.P., BRATHWAITE NELSON, VOUTSINAS and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court