Siltz v Golub Corp. (2025 NY Slip Op 06349)

Siltz v Golub Corp.

2025 NY Slip Op 06349

Decided on November 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
PHILLIP HOM, JJ.

2023-12265
 (Index No. 8293/19)

[*1]Danielle Siltz, appellant, 
v
Golub Corporation, et al., respondents.

Sobo & Sobo, LLP, Middletown, NY (Keliann M. Argy and John Del Duco of counsel), for appellant.
Sholes Miller Rodriguez & Brown, PLLC, Fishkill, NY (Robert R. Haskins of counsel), for respondents Golub Corporation, Golub Corporation, doing business as Price Chopper, and Price Chopper Operating Co., Inc.
Cooke Doyle LLC, Buffalo, NY (Rodger P. Doyle of counsel), for respondents SOL Facility Services, LLC, SOL Enterprises, LLC, and H & R Clean.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Orange County (Maria Vazquez-Doles, J.), dated November 3, 2023. The order, insofar as appealed from, granted those branches of the separate motions of the defendants Golub Corporation, Golub Corporation, doing business as Price Chopper, and Price Chopper Operating Co., Inc., and the defendants SOL Facility Services, LLC, SOL Enterprises, LLC, and H & R Clean which were for summary judgment dismissing the amended complaint insofar as asserted against each of them.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs.
In August 2018, the plaintiff allegedly slipped and fell on a small puddle of clear liquid on the floor of a supermarket. The plaintiff commenced this action to recover damages for personal injuries against the defendants Golub Corporation, Golub Corporation, doing business as Price Chopper, and Price Chopper Operating Co., Inc. (hereinafter collectively the Price Chopper defendants), which operated the supermarket, and the defendants SOL Facility Services, LLC, SOL Enterprises, LLC, and H & R Clean (hereinafter collectively the SOL defendants), which were contracted to clean the premises. After the completion of discovery, the Price Chopper defendants and the SOL defendants separately moved, inter alia, for summary judgment dismissing the amended complaint insofar as asserted against each of them. In an order dated November 3, 2023, the Supreme Court, among other things, granted those branches of the separate motions. The plaintiff appeals.
In a slip-and-fall case, "a defendant property owner, or a party in possession or control of real property, who moves for summary judgment has the initial burden of making a prima facie showing that it neither created the alleged defective condition nor had actual or constructive notice of its existence" (San Antonio v 340 Ridge Tenants Corp., 204 AD3d 713, 715 [internal quotation [*2]marks omitted]; see Parietti v Wal-Mart Stores, Inc., 29 NY3d 1136, 1137; McGahan v Brooklyn Pub. Lib., 209 AD3d 853, 853). "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (Gordon v American Museum of Natural History, 67 NY2d 836, 837; see Tamrazyan v 379 Ocean Parkway, LLC, 232 AD3d 736, 737). "In order to meet its burden on the issue of lack of constructive notice, the defendant must offer some evidence as to when the accident site was last cleaned or inspected prior to the plaintiff's fall" (Falco-Averett v Wal-Mart Stores, Inc., 174 AD3d 506, 507 [internal quotation marks omitted]; see Arbit v Costco Wholesale Corp., 230 AD3d 1089, 1090; Mehta v Stop & Shop Supermarket Co., LLC, 129 AD3d 1037, 1038).
Here, the Price Chopper defendants established their prima facie entitlement to judgment as a matter of law dismissing the amended complaint insofar as asserted against them. In support of their motion, the Price Chopper defendants submitted, among other things, video evidence and deposition testimony of two employees, which demonstrated that the Price Chopper defendants did not create or have actual or constructive notice of the slippery condition where the plaintiff fell (see Rogers v Stop & Shop Supermarket Co., LLC, 226 AD3d 1056, 1057; Serebrenik v Chelsea Apts., LLC, 207 AD3d 677, 678). In opposition, the plaintiff failed to raise a triable issue of fact (see Arbit v Costco Wholesale Corp., 230 AD3d at 1090).
With respect to the SOL defendants, "[a] contractual obligation, standing alone, will generally not give rise to tort liability in favor of a third party" (Canciani v Stop & Shop Supermarket Co., LLC, 203 AD3d 1011, 1012 [internal quotation marks omitted]). However, as relevant here, an exception to the general rule exists where "the contracting party, in failing to exercise reasonable care in the performance of its duties, launches a force or instrument of harm" (Forbes v Equity One Northeast Portfolio, Inc., 212 AD3d 780, 781 [internal quotation marks omitted]; see Espinal v Melville Snow Contrs., 98 NY2d 136, 140; Christian v 709 Brighton Beach, LLC, 167 AD3d 704, 705). Here, the SOL defendants established their prima facie entitlement to judgment as a matter of law dismissing the amended complaint insofar as asserted against them by submitting evidence establishing that they did not launch a force or instrument of harm (see Rivera v Sodexo, Inc., 233 AD3d 721, 723; Rodriguez v Propark Exec. Mgt. Co., LLC, 207 AD3d 584, 586). In opposition, the plaintiff failed to raise a triable issue of fact (see Walsh v Steel O-III, LLC, 230 AD3d 536, 538; Bronstein v Benderson Dev. Co., LLC, 167 AD3d 837, 839).
The plaintiff's remaining contentions are either not properly before this Court or without merit.
DILLON, J.P., CHRISTOPHER, WAN and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court