Khan v Rodriguez (2026 NY Slip Op 00363)

Khan v Rodriguez

2026 NY Slip Op 00363

Decided on January 28, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 28, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2024-04492
 (Index No. 715525/21)

[*1]Mohamed Khan, appellant, 
vJordy Rodriguez, respondent.

Rosner Russo Shahabian, PLLC (Rubin Law, PLLC, New York, NY [Denise A. Rubin], of counsel), for appellant.
Nicolini, Paradise, Ferretti & Sabella, PLLC, Jericho, NY (John W. Persons of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Phillip Hom, J.), dated February 5, 2024. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly was injured when he slipped and fell while descending a staircase inside the defendant's residential property as a result of a wet condition. The plaintiff commenced this action against the defendant to recover damages for personal injuries. The defendant moved for summary judgment dismissing the complaint. In an order dated February 5, 2024, the Supreme Court granted the defendant's motion. The plaintiff appeals.
"In a slip-and-fall case, a defendant property owner moving for summary judgment has the burden of making a prima facie showing that it neither . . . affirmatively created the hazardous condition nor . . . had actual or constructive notice of the condition and a reasonable time to correct or warn about its existence" (Parietti v Wal-Mart Stores, Inc., 29 NY3d 1136, 1137; see Scammell v Flum, 225 AD3d 726, 727). A defendant has constructive notice of a hazardous condition on its property when the condition is visible and apparent, and has existed for a sufficient length of time to afford the defendant a reasonable opportunity to discover and remedy it (see Gordon v American Museum of Natural History, 67 NY2d 836, 837-838; Brannon v New York City Hous. Auth., 221 AD3d 772, 773).
Here, the defendant established, prima facie, that he did not create the alleged hazardous condition or have actual or constructive notice of its existence (see Scammell v Flum, 225 AD3d at 727; Loper v Stop & Shop Supermarket Co., LLC, 206 AD3d 641, 642; Hagan v City of New York, 166 AD3d 590, 591). In support of his motion, the defendant submitted, inter alia, transcripts of his deposition testimony and of the deposition testimony of the plaintiff, which established that approximately 15 to 20 minutes prior to the accident the plaintiff and the defendant ascended the staircase, and neither observed any liquid or other hazardous condition. In opposition, the plaintiff failed to raise a triable issue of fact (see Cagliostro v McCarthy, 102 AD3d 823, 824; [*2]Sougstad v Meyer, 40 AD3d 839, 840).
Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint.
BRATHWAITE NELSON, J.P., FORD, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court